Ruffin, C. J.
 

 The plaintiffs will, of course, have decrees respectively for their several particular legacies, according to the submission in the answer of the executors.
 

 The questions respecting the legacies given to Francis M. will be better understood by confiningour view to one of those legacies at a time.
 

 The gift of one-seventh part of <! all the balance of
 
 my
 
 negroes and stock,” is, undoubtedly, specific.
 
 Everett
 
 v. Lane, 2 Ired. Eq. 548.
 
 Perry
 
 v. Maxwell, 2 Dev. Eq. 488. That legacy, and the pecuniary one of $250, did not, by lapsing by the death of the donee, beome undisposed of, but fell into the residue, which the will disposes of. The residuary clause is in general terms, embracing t! all the balance of my money and other property;” and it is clearly settled, that such a disposition carries every part of the personalty not given away,
 
 *429
 
 or that turns out, in the event', not to have been effectually given away, whether the failure, arise from the illegality of the gift, or the death of the donee.
 
 Sorry
 
 v.
 
 Bright,
 
 1 Dev. & Bat. 113.
 
 Simms
 
 v.
 
 Garrott,
 
 Id. 393.
 

 But it remains to be seen, how the residue, consisting of those lapsed legacies and the rest oí' the property, is affected by the death of Francis M. Johnson, one of the residuary legatees. We think,- so much of the residue as that person would' have been entitled to, had he survived his father,' does not, by his death,' go to the surviving residuary legatees, but lapsed' and belongs to the next of kin.
 

 A distinction prevails in England, in siich cases between legacies given to two or more, jointly, or in common. The' former, upon the death of one of the donees, survives to the others, whether the death be before or after the testator’s.—
 

 Webster
 
 v.
 
 Webster, 2
 
 Pr. Wms. 347.
 
 Morly
 
 v.
 
 Bird,
 
 3 Ves. 628. That is supposed to result from the right of survivorship incident to a joint-tenancy. Whether that be the reason or not, or whether our act of 1784, destroying the
 
 jus accrescendi,
 
 will have any effect upon the point here, it is not material to enquire in this case, since the words of this will clearly create a tenancy in common. As to that, the rule id well settled. Ií a personal fund be given to two or more, to be divided in certain proportions, and one of them die before' the testator, what was given to that person lapses; and where the subject of such gift is a residue, the lapsed share is, necessarily, undisposed of, and belongs to the next of kin. For' each of the donees is, by the terms of the gift, entitled to a distinct and determinate share of the residue; and, therefore, that share is not enlarged by the death of the donee of another share.
 
 Page
 
 v.
 
 Page, 2
 
 Pr. Wms. 489.
 
 Owen
 
 v.
 
 Owen,
 
 1 Atk. 494.
 
 Ackroyd
 
 v.
 
 Smithson,
 
 1 Bro. C. C. 593. This gift is to “ the wife and her six children, equally to be divided between them, share and share alike.” There is, therefore, a clear tenancy in common ; so as to bring the case within the' general rule. Nor does it fall within the exception to that rule, which was laid down in
 
 Viner
 
 v.
 
 Francis, 2 Cox,
 
 199,
 
 *430
 
 where the bequest was “to the children of the testator’s desister, M. C. to be equally divided among them,”'and there were three children at the making of the will, but one q¡e(j ¡jefore the testator; upon which it was held, that the gift was not to those children
 
 nominatim,
 
 nor as if it had been “ to
 
 the three
 
 children of M. C.” but it was to the children
 
 as a class,
 
 and the meaning was, that all or any of the described class, that should survive the testator, should take the fund. But this will is express, as to which children of the testator’s wife should take the residue, namely, “ her
 
 six
 
 children,” which she then had, “ equally to be divided between
 
 them
 
 The gift is not, therefore, to a class of persons, as such class might exist at any subsequent period, but to
 
 certain
 
 persons
 
 then
 
 in being, and as completely identified, each of them, as if each had been designated by his or her name, and the share of each of those persons is fixed, namely, at one-seventh part of the residue. Hence, the share of one cannot be enlarged by the death of another.
 
 Ackerman
 
 v.
 
 Burrows,
 
 3 Ves.
 

 & Bea. 54. The share of Francis M. Johnson in the residue, therefore, lapsed by his death, and belongs to the next of kin. Another question is made as to the right of the widow to a distributive share with the next of kin, upon which there is now no doubt. Although, previous to 1835, the widow was excluded, as we have held in the case of
 
 Broxon
 
 v.
 
 Brown,
 
 at this term, 5 Ired. Rep. 136, and the cases therein cited, yet the act of that year, Rev. St. 121, s. 12, expressly gives her a child’s part of the husband’s personal estate, not disposed of in his will.
 

 It will be perceived, that no directions are given touching' the remainder in the personalty lent to the wife, and in the proceeds of the sale of the land, at her death or marriage,which is given, “ when the loan expires, to be equally divided among my wife’s children.” The pleadings raise no question on that part of the property; probably, because both parties thought the question was between the children of the second marriage alone, or, at any rate, that, if the others had an interest in the fund, it was so remote as not to be worth lit-
 
 *431
 
 ¿gating now. For, the gift of that fund is not like that of the residue, “ to
 
 the six
 
 children” of the wife, so as to be ’ ... to those then alive, but to her children generally. It may, therefore, be a ease within the rule in
 
 Viner
 
 v. Francis, and, if so, the whole remainder is vested in those of the children, who survived the testator, .subject, perhaps, to open for her after-born children. Or it might, perhaps, be contended, that it is yet contingent, and will belong to such of the wife’s children as shall be alive at the period of division. Even if the latter should be the law of the case, the children of the first marriage, and the grand-daughter, Amaryllis, could take nothing therein, unless all the last set of children should die before their mother; so as, thereby, to leave this fund also undisposed of by the will. But, whatever may have been the motive of the parties, it is to be observed, that, in point of fact, no directions have been asked on this point, and therefore it will be unaffected by the decree.
 

 Per Curiam, Decreed accordingly.