Nash, J.
 

 It is required of the Court to put a construction upon the will of Matthew MeCorkle, and thereby ascertain, whether the testator died intestate as to any part of his property, and what property passed under the
 
 *176
 
 residuary provision of the 11th clause of the will and to whom. By the first clause of the will the whole of the negroes of the deceased are directed to be valued and divided into seven parts, and one 7th part is given to Betsey Selina Little, who died before the testator, leaving seven children. One question submitted to us is, what effect the death of the legatee, before the testator, has upon the gift. There ean be no doubt upon it. The legacy lapsed, and if there be in the will a general residuary clause, it sinks into and passes under it — if there be no such residuary clause, it is undisposed of by the will. The testator dies intestate as to it. It passes to the next of kin. The case is not governed by the 15th sec. of the 122 ch. Rev. Stat. That is confined to a bequest to the children or the child of the testator. Betsey Selina Little was his niece. The whole question as to the lapse of the legacy was decided in the cases
 
 Johnston & others v. Johnston & others,
 
 3 Ire. Eq. 426,
 
 Hester
 
 v.
 
 Hester,
 
 2 Ire. Eq. 330. The children, then, of Betsey Selina Little take nothing under the will of Matthew McCorkle, or as next ofkin. It is argued, in behalf of the legatees, that, under the residuary provision of the 11th clause of the will, the one 7 th part of the negroes, left to Betsey Selina Little, passed to them under the term “devisees.” The next ofkin contend, that the word, as used, is insensible and passes nothing. We agree with the counsel for the plaintiff, that the word “devisees,” in the 11th clause, is to read
 
 legatees.
 
 The word
 
 devise
 
 is properly applied to gifts of real property by will, but may be extended to embrace personal property to execute the intention of the testator. The leading rule, in the construction of wills, is to carry into execution the intention of the maker. He has a right to make such a disposition of his property, as he pleases, provided it is not for a purpose forbidden by the law. In arriving at this intention, the whole will must be taken together, and one part may be used to explain another, without regard to their respective posi
 
 *177
 
 tions. In the will we are considering there are no devises of land, either preceding or following the 11th section. By the 9th sec. he directs, that his land, together with some of his personal property, shall be sold for the payment of debts. This is not a devise of the land to any one, but a power given to the executor or his personal representative to sell. It is manifest, therefore, by the terms “all my devisees,” the testator must have meant his legatees — his donees. The word legacy properly means a disposition by will of personal property; yet, to carry out the intention of the testator, as gathered from the will, it may be rendered devise, and legatee, devisee.
 
 Williams
 
 v.
 
 McCombe, 3
 
 Ire. Eq. 455.
 
 Tucker
 
 v.
 
 Tucker,
 
 5 Ire. 84.
 
 Hardacre
 
 v.
 
 Nash,
 
 5 Term, Rep. 716.
 

 We are clearly of opinion, that the word
 
 “devisees”
 
 means “legatees,” as used by the testator McCorkle, and that the bequest is not void
 
 for
 
 uncertainty. But we do not agree, that, under thcresiduary provision of the 11th clause, the lapsed legacy ofBetsey Selina Little passed to the other legatees. It is not a general, but a special, residuary clause, and nothing was intended to pass under it, but the residue of the money arising from the sale of the property, directed to be sold after the payment of debts. The words are precise and unequivocal as to this question. “If any left afterwards
 
 from the proceeds of the sale
 
 to be equally divided &c.” Now nothing is directed to be sold, but the property mentioned in the 9th clause. It cannot, then, embrace the lapsed legacy.
 
 Bradly
 
 v.
 
 Jones, 2
 
 Ire. Eq. 248.
 
 Dickens
 
 v.
 
 Cotton, 2
 
 Dev. & Bat. Eq. 272. On the part of the next of kin, it is contended, that, under the residuary clause, nothing passed to the legatees, but that portion of the money, raised by the sale of the prop, erty, set apart in the 9th clause, which remained after the payment of the debts, and that, as to all the other property owned by Matthew McCorkle, he died intestate and it goes to the next of kin. It is not necessary to cite
 
 *178
 
 authorities to shew, that, as to the property owned by a testator, at the time of his death, or the making of his will, and not disposed of by it, he dies intestate, and the personalty is to be distributed among the next of kin. It is alleged in the bill and admitted in the answer, that, the testator had other property, besides his negroes, and enumerated in the 9th clause. No part of his omitted property passed by the will and there is an intestacy as to it. It did not pass under the 11th clause — its terms exclude it. The language used by Mary Jones in her will is very similar to that used here.
 
 Bradley
 
 v
 
 Jones,
 
 2 Ire. Eq. 245. The words are “all the balance of my estate that is not given to be sold,” and it was contended ,by the residuary legatees, that the money on hand was embraced in it. The Court ruled to the contrary, and say, “we think the testatrix could not have meant that her specie and bank notes should be exposed to sale.” The case before us is a much stronger one. The testator has told us what property should be sold and what residue he meant. Another question arises, as to the proper fund for the payment of the debts and pecuniary legacies of the testator. Notwithstanding the directions given by the testator, as to the payment of his debts, contained in the 9th clause, under the circumstances of this case, the personal property unbequeathed is the fund first to be looked to, and the debts are to be paid out of it as far as it will go. In the administration of assets, the personal property is the fund first liable, and is therefore often called “the natural fund.” And when there is a will, that portion of the personal estate, which is not specially bequeathed or by plain implication exempted,is first to be applied, 1
 
 Mad. ch.
 
 473. Now it is true, that, in the 9th clause, the testator does direct that his land and other property there named shall be sold, and, out of the proceeds of the sale, his debts shall be paid. This however is but a charge on the property, so directed to be
 
 *179
 
 sold. There is nothing in the will exempting the undisposed surplus from the burthen. Nor is there any thing in the clause fixing it absolutely upon the fund pointed out in it. And, unless there be either an exemption of the residue, or the charge be fixed by plain words, oras plain implication, on other property exclusively, the legal and natural order of paying the debts and pecuniary legacies is not to be departed from.
 
 White
 
 v.
 
 Green,
 
 1 Ire. Eq. 49. We are of opinion, then, that the legacy of the negroes in the will of Matthew MeCorlde to Betsey Selina Little lapsed, in consequence of her death before the testator, and nothing passed under it to her children. 2d. That the legatees, as such, take no portion of the said lapsed legacy, but, as to it and the other property of the testator, not mentioned in the will, Matthew MeCorlde died intestate. 3d. That, in the residuary provision of the 11th clause of the will, the legatees are meant nnder the term devisees, but that they, as legatees, do not take any portion of the money on hand, or other personal property not disposed of in the will. 4th, That the undisposed personal property of Matthew MeCorlde, as well the lapsed legacy as the money on hand, notes and accounts &c. constitute the primary fund for paying the debts, and what, money may remain, after such purpose is answered, is to be distributed among the next of kin of the testator. 5th. It appears from the will, that a portion of the property, directed to be sold, was land, and we have declared that Betsey Selina Little, to whom, under the name of devisee, a portion of the proceeds are given, having died, her portion lapsed. But that portion of the proceeds of the land, does not go to the testator’s next of kin, but to his heirs at law.
 

 Per Curiam.
 

 Decree accordingly.