MRS. MARY A. BROWN v. V. J. GUTHERY, L. D. SOUTHERLAND, T. B. E. SPENCER AND JOHN F. DURHAM.

(Filed 23 December, 1925.)

**1. Estates—Wills—Deeds and Conveyances—Remainders.**

A conveyance of lands by the life tenant and the remainderman, whether the latter takes as sole heir at law of the testator, or by vested or contingent remainder, under the will of his father, conveys to the grantee the life estate and the interest of the remainderman therein, whether it be the fee simple, or otherwise.

**2. Estates—Reversion.**

A reversion is the residue of an estate left by operation of law in the grantor or his heirs at law, or in the heirs of the testator, if created by will, commencing in possession on the determination of the particular estate granted or devised.

**3. Estates—Remainder—Reversion—Wills—Devise—Deeds and Conveyances.**

In order to construe the words of a grantor in a deed or the testator in a will as creating an estate by reversion or remainder, the intent of the parties as gathered from the instrument prevails, and the improper use of the one or the other of these words is not controlling.

**4. Same—Title.**

A devise of an estate to the testator's wife for life, and upon her death to revert to his son "if he be alive, or to his heirs if he be dead," is held to pass to the son a remainder contingent upon his surviving his mother, and a conveyance made by the wife and son passes her life estate in the lands to the grantee, and a contingent interest of the son in remainder, and not the indefeasible fee-simple title in the lands conveyed.

**5. Estates—Contingent Remainders—Vested Interests.**

Remainders are vested when the estate is invariably fixed to remain in a determinate person after the particular estate is spent, and contingent when limited to take effect on an event or condition which may never happen or be performed, or which may not happen or be performed until after the determination of the preceding particular estate.

**6. Estates—Contingent Remainders—Rule in Shelley's Case.**

A devise to the testator's wife for life, remainder to his son "if he be alive or to his heirs if he be dead": *Held*, if the remainderman is survived by the life tenant, the estate may go to his heirs, who take as remaindermen in fee, and not by descent, and the rule in *Shelley's case* does not apply.

APPEAL by defendants from judgment of Superior Court of MECKLENBURG, September Term, 1925. *Bryson, J.* Reversed.

Controversy without action, in which the parties hereto present to the court, for determination, their respective contentions relative to the title of plaintiff to a lot of land in Henderson County. Plaintiff contends

that she is seized in fee of and can convey an indefeasible title to said lot, in performance of her contract with defendants; defendants contend to the contrary. The facts with respect to said title are as follows:

Marion C. Toms died during the year 1917, leaving his last will and testament, which has been duly probated and recorded. Item three of said will reads as follows: "I give and bequeath unto my beloved wife, Katie B. Toms, the following property, to be held by her during the term of her natural life, and upon her death to revert to my son, Charles French Toms, if he be alive, or to his heirs, if he be dead, viz.: The house and lot where I now live in Hendersonville, North Carolina, on the west side of Main Street."

Mrs. Katie B. Toms, widow of Marion C. Toms, and Charles French Toms, his only son and heir-at-law, survived said Marion C. Toms and both are now living. Charles French Toms is the stepson of Mrs. Katie B. Toms. On 8 August, 1925, said Mrs. Katie B. Toms and Charles French Toms jointly executed and delivered to plaintiff, Mrs. Mary A. Brown, a deed with full covenants of warranty and seizin, purporting to convey to plaintiff the lot described in the will of Marion C. Toms; thereafter, defendants entered into a contract in writing with plaintiff by which they agreed to purchase said lot of land, and to pay to her the purchase price thereof, upon the execution and delivery by plaintiff of a deed conveying to them an indefeasible title in fee simple to said lot. Plaintiff has tendered to defendants a deed sufficient in form to convey to them the said lot in full performance of her contract. Defendants have declined to accept said deed, and to pay the purchase price for said lot, contending that said deed does not convey to them an indefeasible title in fee simple for the reason that plaintiff does not own a fee-simple estate in said lot.

The court being of opinion that upon the statement of agreed facts submitted, plaintiff has an indefeasible title in fee simple to said lot, and that the deed tendered by plaintiff will convey such title thereto, rendered judgment in favor of plaintiff and against defendants. From this judgment, defendants appealed to the Supreme Court.

*Ewbank & Whitmire and C. H. Gover for plaintiff.*
*C. A. Cochran for defendants.*

CONNOR, J. By the deed dated 8 August, 1925, executed jointly by Mrs. Katie B. Toms and Charles French Toms, plaintiff acquired and is now the owner of all the right, title and estate of her said grantors in and to the lot of land described in the statement of agreed facts. At his death, Marion C. Toms was seized in fee and in possession of said lot. It is conceded that by virtue of his last will and testament, Mrs. Katie B. Toms, his widow, owned only an estate in said lot for the term

of her natural life; this she conveyed by her deed to plaintiff, who, therefore, has title to the life estate of Mrs. Katie B. Toms which would pass to and vest in defendants by her deed tendered to them.

If Charles French Toms owned the fee in said lot, remaining upon the termination of the life estate of Mrs. Katie B. Toms, either in reversion as heir-at-law of his father, or in remainder as devisee in the will, such fee passed to and vested in plaintiff by virtue of his deed. If under the will he takes a vested remainder, plaintiff, having acquired the life estate and also such vested remainder, owns the entire estate in fee and her deed to defendants would vest in them an indefeasible title in full compliance with her contract. *Cotton v. Mosely,* 159 N. C., 1. Unless, however, plaintiff has acquired by the deed jointly executed by Mrs. Katie B. Toms and Charles French Toms, not only the life estate of Mrs. Toms, but also the fee, subject only to the life estate, and thus by merger owns the entire fee-simple estate in the lot, defendants' assignment of error must be sustained and the judgment reversed. It therefore becomes necessary to determine what title to or estate in said lot plaintiff acquired by the deed of Charles French Toms.

Charles French Toms is the only heir-at-law of Marion C. Toms. By his will, however, Marion C. Toms devised all his title to and estate in said lot to the devisees named therein; there was no residue of said estate undevised which would or could revert to him or to his heir-at-law. There is no reversion or reversionary interest which by operation of law or otherwise will pass to Charles French Toms upon the determination of the life estate of Mrs. Katie B. Toms. A reversion is defined as the residue of an estate left by operation of law in the grantor or his heirs or in the heirs of a testator, commencing in possession on the determination of a particular estate granted or devised. Black's Law Dictionary, page 1034; 21 C. J., 1016; 23 R. C. L., 1100; 2 Blk. Comm., p. 175. The word "revert" used by the testator in his will with respect to said lot upon the death of the life tenant, cannot be construed as determining the quality or character of the estate which the testator provided therein for his son, Charles French Toms. The words "revert" or "reversion" are sometimes loosely used to describe an interest differing from a technical reversion. A reversion does not become a remainder, or a remainder a reversion because it is so called in the instrument creating it. 21 C. J., 1017. Plaintiff's contention that the use of this word by the testator clearly implies an intention on his part that the fee, remaining upon the falling in of the life estate, shall pass to Charles French Toms in reversion as heir-at-law, and not in remainder as a devisee, is not well founded. The word is manifestly used in the will in the sense of "pass" or "go" and not "return" for the testator devised the lot, after the death of his wife, first to his son, Charles French Toms, if he be alive, and second, if he be dead, to his heirs-at-law and not to the

heirs-at-law of the testator. *Whitehurst v. Gotwalt,* 189 N. C., 577. The estate acquired by plaintiff under the deed from Charles French Toms, was not a reversion, which descended to him as heir of his father, or which passed to him under the will, but was a remainder in fee devised to him by the will of Marion C. Toms. Is such remainder vested or contingent during the continuance of the life estate of Mrs. Katie B. Toms now owned by plaintiff?

Vested remainders are defined by *Justice Walker* in *Richardson v. Richardson,* 152 N. C., 705, as those by which the present interest passes to the party, though to be enjoyed in the future, and by which the estate is invariably fixed to remain in a determinate person after the particular estate is spent. A remainder is said to be contingent "when it is limited to take effect on an event or condition which may never happen or be performed or which may not happen or be performed until after the determination of the preceding particular estate in which case such remainder can never take effect."

By his will, the testator gave the lot, upon the death of his widow, to his son, Charles French Toms, if he be alive; during the life of the widow the estate in remainder is not "invariably fixed" in Charles French Toms, with the right of enjoyment only postponed until the falling in of the life estate. He takes no estate under the will until the happening of the event provided therein for the vesting of such estate, to wit, his survival of the life tenant. If, upon the death of Mrs. Katie B. Toms, he be dead, he takes nothing; the lot in that event goes to his heirs, who will take the fee in remainder as purchasers under the will and not by descent from Charles French Toms. By virtue of the deed to her of Charles French Toms, plaintiff owns the remainder in fee, contingent upon Charles French Toms being alive at the death of Mrs. Katie B. Toms. Until the happening of the latter event it cannot be determined whether plaintiff owns an indefeasible title in fee to said lot or not.

In *Allen v. Smith,* 183 N. C., 222, the testator, after devising his real estate to his wife for and during her natural life, provides that "at the death of my wife, if my son, Arthur E. Smith, should survive his mother, I give all my estate both real and personal to him during his life and at his death then to be equally divided among my children who then may be living—if any of my children should be dead, their heirs to inherit their share." It was held that as Arthur E. Smith's life interest was contingent upon his surviving his mother and that as he failed to survive her, such interest did not vest in him. The remainder was contingent upon his surviving his mother. In the instant case, if Charles French Toms is living at the death of Mrs. Katie B. Toms, under the will the remainder will then vest in him in fee simple. In no event is a life estate limited to him, and the rule in *Shelley's case* does not apply.

In the event that Charles·French Toms be dead at the death of Mrs. Katie B. Toms, such persons as are included within the class designated as his heirs, will take the remainder in fee, under the will.

It was error to hold that plaintiff has an indefeasible title in fee to the lot described in the statement of agreed facts and that the deed tendered by her to defendants will convey title in accordance with her contract. The judgment must therefore be

Reversed.