MRS. TOMMIE H. BRIDGES v. SHENANDOAH LIFE INSURANCE COMPANY.

(Filed 22 January, 1936.)

1. **Insurance M a: Death A a—Presumption of death from seven years' absence.**

    The absence of a person for seven years without being heard from by those who would be reasonably expected to hear from him if living, raises a presumption that such person is dead at the end of seven years, but not that he died at any particular time during this period.

2. **Insurance J b—Policy held forfeited for nonpayment of premiums during insured's seven years' absence raising presumption of death.**

    Insured paid the first annual premium on the policy in question, and several months thereafter left his domicile and was not heard from by

those who would be reasonably expected to have heard from him if he were alive, for a period of over seven years. No further premiums were paid, and at the expiration of the seven-year period, the beneficiary instituted suit on the policy. *Held:* There was no presumption that insured was dead at the time the second annual premium was due, and the policy was forfeited under its term for failure to pay premiums.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Williams, J.,* at May Term, 1935, of CLEVE-LAND. Affirmed.

This is an action to recover on a policy of insurance issued by the defendant on the life of Willie B. Bridges, on 3 May, 1926. The plaintiff, the wife of the insured, is the beneficiary named in the policy.

A demurrer to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action was sustained.

From judgment sustaining the demurrer and dismissing the action the plaintiff appealed to the Supreme Court, assigning error in the judgment.

*C. B. McBrayer for plaintiff.*
*Ryburn & Hoey for defendant.*

CONNOR, J. The facts alleged in the complaint and admitted by the demurrer are substantially as follows:

The policy sued on in this action was issued by the defendant on 3 May, 1926. By said policy the defendant promised to pay to the plaintiff, as the beneficiary named therein, the sum of one thousand dollars, upon receipt at its home office in Roanoke, Virginia, of due proofs of the death of Willie B. Bridges, the insured named therein, while the policy was in force. The premiums on the policy were payable annually, in advance. Upon default in the payment of any premium due on the policy, it was provided that the policy should become void. The premium due at the date of the issuance of the policy, to wit: 3 May, 1926, was paid by the insured. No other or further premium has been paid. No proofs of the death of the insured have been filed with the defendant.

On 26 December, 1926, the insured left his home in Rutherford County, North Carolina. He has not returned to his home, nor been seen or heard from by any member of his family, nor by any relative or friend, since said date. Diligent and repeated searches from time to time for the insured have failed to disclose his whereabouts. More than seven years have elapsed since the disappearance of the insured.

In *Stevenson v. Trust Co.,* 202 N. C., 92, 161 S. E., 728, it is said: "The absence of a person from his domicile without being heard from

by those who would reasonably be expected to hear from him if living raises a presumption that at the end of seven years he is dead, but not that he died at any particular time during this period." This statement of the law is in accord with the decisions in this State and elsewhere.

In the instant case the policy became void upon default in the payment of the premium due on 3 May, 1927. There is no presumption from the facts stated in the complaint that the insured was dead at that date, and that for that reason the premium otherwise required to keep the policy in force was not paid.

On the facts alleged in the complaint the plaintiff is not entitled to recover in this action. The judgment dismissing the action is

Affirmed.

DEVIN, J., took no part in the consideration or decision of this case.