M. M. REDDEN AND HIS WIFE, MARY BELL REDDEN, v. CHARLES FRENCH TOMS, SR., AND HIS WIFE, META TOMS, AND OTHERS.

(Filed 17 March, 1937.)

**1. Appeal annd Error § 3b—**

Where a party dies pending his appeal his personal representative will be substituted as a party, upon motion. Rule of Practice in the Supreme Court, No. 37.

**2. Wills § 33c—**

Testator and his son each owned an undivided one-half interest in the lands in controversy. Testator devised his one-half interest to his wife for life, "and upon her death to revert to my son, . . . if he be alive, or to his heirs, if he be dead." *Held:* The son took a remainder in the interest devised contingent upon his surviving testator's widow, and upon his prior death, his children then living became the owners of the remainder.

**3. Wills § 46—Deed of life tenant and contingent remainderman held to convey all their right, title, and interest in the lands.**

The owner of a one-half interest in lands devised his interest to his wife for life with contingent limitation over to T., the owner of the other one-half interest, if he should survive testator's wife. Testator's widow and T. jointly executed a deed in fee to the lands. *Held:* The deed conveyed the widow's life estate and T.'s fee in one-half the land and his contingent remainder in the other half, and upon T.'s death neither his widow nor his estate has any interest in the land.

**4. Abatement and Revival § 14: Estates § 11—**

An action against a contingent remainderman to sell the lands under C. S., 1744, abates upon the death of the remainderman prior to the termination of the life estate when his limitation over is made to depend upon his surviving the life tenant.

APPEAL by defendants Charles French Toms and his wife, Meta Toms, from *Clement, J.,* at Chambers, in Columbus, N. C., on 26 January, 1937.   Dismissed.

This is a proceeding for the sale of land described in the petition under the provisions of C. S., 1744, and for other relief.

The proceeding was begun before the clerk of the Superior Court of Henderson County on 17 December, 1936, and was heard on demurrer to the petition duly filed by the defendants Charles French Toms, Sr., and his wife, Meta Toms.

The demurrer was overruled. It was ordered by the judge that defendants be allowed thirty days to file answer to the petition.

The defendants appealed to the Supreme Court, assigning error in the order of the judge overruling their demurrer.

*J. E. Shipman for plaintiffs.*
*R. L. Whitmire for defendants.*

CONNOR, J. This appeal was duly docketed in this Court on 3 February, 1937. The appellant, Charles French Toms, Sr., died on 5 February, 1937. On 10 February, 1937, Meta Toms, who had qualified as executrix of the said Charles French Toms, suggested his death to this Court and moved that she be made a party defendant in the proceeding, as his executrix. This motion was allowed on 11 February, 1937, under rule 37 of the Rules of Practice of this Court. See 200 N. C., 835. The appeal was heard on 24 February, 1937.

It appears from the petition set out in record that Marion C. Toms died in Henderson County during the year 1917. At his death he was seized in fee and in possession of an undivided one-half interest in the land described in the petition. The other undivided one-half interest in said land was owned by his son, Charles F. Toms. By his last will and testament, which was duly probated and recorded in the office of the clerk of the Superior Court of Henderson County, the said Marion C. Toms devised the undivided one-half interest in said land owned by him at his death, to his wife, Katie B. Toms, "to be held by her during the term of her natural life, and upon her death to revert to my son, Charles French Toms, if he be alive, or to his heirs, if he be dead."

The plaintiffs are now the owners of the land described in the petition, claiming title thereto, through mesne conveyances, under a deed executed on 24 June, 1918, by Katie B. Toms and Charles French Toms.

The defendants other than Charles French Toms, Sr., and his wife, Meta Toms, are Katie B. Toms and the children and grandchildren of Charles French Toms, and the husbands and wives of those who are married. Katie B. Toms, widow of Marion C. Toms, is now living.

By virtue of the deed executed on 24 June, 1918, by Katie B. Toms and Charles French Toms, to the grantees named therein, and of mesne conveyances since said deed, at the commencement of this proceeding,

the plaintiffs were and are now the owners of the undivided one-half interest in the land described in the petition, which was owned in fee by Charles F. Toms, at the date of said deed and were and are now also the owners of the life estate of Katie B. Toms in the undivided one-half interest in said land which was devised to her by the last will and testament of Marion C. Toms. The plaintiffs were also the owners of all the right, title, interest, and estate of Charles French Toms, Sr., in and to the said undivided one-half interest in said land, under the will of his father, the said Marion C. Toms. The said interest was a contingent remainder. See *Brown v. Guthery,* 190 N. C., 822, 130 S. E., 836. Upon his death on 5 February, 1937, after this appeal was docketed in this Court, the children of the said Charles French Toms, then living, became the owners of a vested remainder in said undivided one-half interest in said land. See *Brown v. Guthery, supra.* Neither Charles French Toms, Sr., nor Meta Toms, as his widow or as his executrix, now have any right, title, interest, or estate in said land. Conceding without deciding, that a cause of action is alleged in the petition in this proceeding against the defendant Charles French Toms, under the provisions of C. S., 1744, such cause of action did not survive his death. For this reason the proceeding abates as to Charles French Toms, and his appeal must be dismissed. On the facts alleged in the petition, the defendant Meta Toms has no interest in this proceeding, either as widow or as executrix of Charles French Toms.

No pleadings have been filed in this proceeding by or on behalf of any of the defendants other than Charles French Toms and his wife, Meta Toms. The rights of these defendants in and to the subject matter of this proceeding are not involved in this appeal.

The proceeding is remanded to the Superior Court of Henderson County, that judgment may be entered in said court, that the proceeding abate as to the defendant Charles French Toms and his wife, Meta Toms. The appeal is

Dismissed.