McMillan v. Davis

———————

OHNET McMILLAN, WIDOW; MARION D. LAMB AND HUSBAND, HOLLY LAMB; ANGELA D. MOODY, DIVORCED; MARIE D. EVANS, DIVORCED; CALVIN DAVIS AND WIFE, SUSIE B. DAVIS; ULYSSES S. DAVIS, JR. AND WIFE, ALZA DAVIS v. BETTIE A. DAVIS, DIVORCED; DOROTHY FLOWERS, WIDOW; MARION HODGES, UNMARRIED; MARGARET H. JONES AND HUSBAND, ARTHUR S. JONES; RONNIE HODGES, SINGLE; DIANE H. MITCHELL AND HUSBAND, FRANK MITCHELL; AND VIVIAN HODGES, SINGLE

No. 859SC1193

(Filed 17 June 1986)

**Wills § 36.1— home left to siblings—death before vesting of interest**
    Where testatrix left her home to her husband for his natural life, then provided that it should go to her brother and sister in fee simple, and provided that, should one predecease the other, his or her interest would go to the remaining sibling, the devise to the sister lapsed because she predeceased testatrix; the remainder interest of the brother reverted to the estate of testatrix because the brother predeceased testatrix's husband; the home thus passed to the heir at law of testatrix at the time of her death, i.e., her husband; and when the husband died intestate, his heirs at law came into possession of the property.

    Judge EAGLES concurring in the result.

    Judge PARKER concurs in the result and joins in the concurring opinion.

APPEAL by defendant Bettie A. Davis from *John, Judge.* Judgment entered 13 August 1985 in Superior Court, WARREN County. Heard in the Court of Appeals 8 April 1986.

This is a declaratory judgment action to construe the will of Mary D. Hodges. The pertinent parts of the will are as follows:

I

I give and devise to my husband, Walter Hodges, Jr., for and during the term of his natural life my home place near the Town of Warrenton, North Carolina, and all my personal property.

II

After the death of my said husband, Walter Hodges, Jr., I give, devise and bequeath my said home place and all personal property that may remain to my brother, Simon Peter Davis, and my sister, Luna Davis Newsome, in equal shares, in fee simple forever. If either of my said brother or sister should be dead before the death of my husband, I give the one-half undivided interest which he or she would have taken to the other, in fee simple forever.

Luna Davis Newsome died before the testatrix. The testatrix Mary D. Hodges died on 21 November 1969 survived by her husband Walter Hodges, Jr. and her brother Simon Peter Davis. Mary D. Hodges was not survived by a parent or a lineal descendant. Simon Peter Davis died before Walter Hodges, Jr. and left his entire estate to the appellant Bettie A. Davis. Walter Hodges, Jr., the husband of the testatrix, died intestate on 17 April 1982 and some of his heirs at law brought this action.

The superior court held that the devise to Luna Davis Newsome lapsed because she predeceased the testatrix. It held further that the devise to Simon Peter Davis of a one-half undivided interest in the property constituted a fee simple determinable estate subject to an executory interest. The court held that Simon Peter Davis' estate in the property terminated at his death prior to the death of Walter Hodges, Jr. and the executory interest over to Luna Davis Newsome failed because she predeceased Simon Peter Davis. The court concluded that the remainder interest after the life estate of Walter Hodges, Jr. passed by intestacy to Walter Hodges, Jr. and the heirs at law of Walter Hodges, Jr. now own the property. Bettie A. Davis appealed.

*Frank W. Ballance, Jr., P.A., by Ronnie C. Reaves, for defendant appellant Bettie A. Davis.*

*James H. Limer and Rom B. Parker, Jr., for defendant appellees.*

WEBB, Judge.

We believe the superior court correctly interpreted the will of Mary D. Hodges. Under the contested provision Luna Davis Newsome was to receive a one-half undivided interest in the property. She did not survive the testatrix and this legacy lapsed. The lapse was not saved by G.S. 31-42(a) because Luna Davis Newsome's heirs would not have taken under the Intestate Succession Act had there been no will. *Stevenson v. Trust Co.*, 202 N.C. 92, 161 S.E. 728 (1932).

Simon Peter Davis survived the testatrix and he received a remainder interest after the life estate of Walter Hodges, Jr. "An estate in fee simple determinable . . . is created by any limitation which, in an otherwise effective conveyance of land, creates an estate in fee simple and provides that the estate shall automatically expire upon the occurrence of a stated event . . . ." [Citation omitted.] *Charlotte Park and Recreation Commission v. Barringer*, 242 N.C. 311, 317, 88 S.E. 2d 114, 119 (1955). In this case Simon Peter Davis received a fee simple estate to one-half the remainder interest in the property which by the express terms of the will expired when he died before Walter Hodges, Jr. The will provided that this interest would then shift to Luna Davis Newsome. Luna Davis Newsome was not living at the time Simon Peter Davis died and the shift failed.

There is not a residuary clause in the will of Mary Davis Hodges. The lapsed legacy of Luna Davis Newsome and the possibility of reverter of the fee simple determinable estate of Simon Peter Davis passed to the heir at law of Mary Davis Hodges at the time of her death. This was Walter Hodges, Jr. When Walter Hodges, Jr. died his heirs at law came into possession of the property.

The appellant asks us to apply several canons of construction and hold that the will disposes of the entire estate of Mary Davis Hodges so that Bettie A. Davis is the owner of this property. The

canons of construction that appellant says should apply are (1) the intention of the testator must be gathered from the four corners of the will; (2) there is a presumption that one who makes a will did not intend to die intestate as to any portion of her property; and (3) the law favors the early vesting of estates. These canons are to be used when a will is ambiguous. In this case we hold that the will is not ambiguous. The testatrix did not dispose of the lapsed legacy or the possibility of a reverter. These interests passed by intestate succession.

Affirmed.

Judge EAGLES concurs in the result.

Judge PARKER concurs in the result and joins in the concurring opinion.

Judge EAGLES concurring in the result.

While I agree with the result reached here I would reach that result through a different analysis. In my opinion the trial court erred in concluding as a matter of law that the devise and bequest to Simon Peter Davis constituted a fee simple determinable estate subject to an executory interest.

Under the terms of paragraph I of the will, the testatrix's husband, Walter Hodges, Jr., received a conventional life estate in the homeplace and all personal property of Mary Davis Hodges. Under the terms of paragraph II, Simon Peter Davis and Luna Davis Newsome received remainder interests in fee simple absolute in any property remaining after the death of the life tenant. "An estate in remainder is an estate limited to take effect in possession immediately after the expiration of a prior estate created at the same time and by the same instrument." *Power Co. v. Haywood*, 186 N.C. 313, 317, 119 S.E. 500, 502 (1923). Remainders are classified as either vested or contingent. Wiggins, Wills and Administration of Estates in North Carolina Section 280 (2d ed. 1983). The question then becomes how to classify these remainder interests. A contingent remainder is an estate subject to a condition precedent such as the happening of an event which is uncertain and may never happen or when those who are to take in remainder are unascertainable. *Id.* A vested remainder is one

McMillan v. Davis

which is limited to a certain person or persons upon the happening of a certain event. *Id.* There are three types of vested remainders, indefeasibly vested remainders, remainders vested subject to partial defeasance (subject to open) and remainders subject to complete defeasance (subject to a condition subsequent). *Id.*

In my opinion the remainders to Simon Peter Davis and Luna Davis Newsome were vested remainders subject to complete defeasance or divestment. The first sentence of paragraph II gives a vested interest to both remaindermen. The second sentence is added divesting the remainder given in the first sentence. By the second sentence, the testatrix required that both remaindermen survive the life tenant and each other. The law favors the early vesting of estates and remainders will be deemed to vest at the death of the testatrix unless the will expressly provides for a later time. *Priddy & Co. v. Sanderford,* 221 N.C. 422, 20 S.E. 2d 341 (1942). Adverbs of time such as "when," "thereafter," "then," "after" and adverbial terms of time such as "at the death of" and "upon the death of" the life tenant relate to the time of enjoyment and not the time of vesting of the estate. *Id.* "The intent to postpone the vesting of the estate must be clear and manifest and not arise by mere inference or construction." *Id.* at 424, 20 S.E. 2d at 343. In my opinion the language of the second sentence in paragraph II of the will serves to create a condition subsequent which, if it occurred, would completely divest the vested remainder. It does not expressly provide that the remainders were to vest at the death of the life tenant. Therefore, the remainders vested, if at all, at the death of the testatrix, subject to being completely divested if the remaindermen did not survive the life tenant and each other.

Luna Davis Newsome predeceased the testatrix, her remainder interest never vested and the trial court properly found that her interest lapsed. Simon Peter Davis survived the testatrix and at her death his remainder interest vested subject to being completely divested if he failed to survive the life tenant, the condition subsequent created by the second sentence in paragraph II of the will. Simon Peter Davis predeceased the life tenant and as a result his vested remainder interest was completely defeated. At the death of the life tenant, the property remaining, both real and personal, reverted to the estate of the testatrix by operation of law. Wiggins, *supra* at Section 279. The will contained no residu-

ary clause; therefore, the property passed by intestacy to the heirs of Mary Davis Hodges living at her death. Mary Davis Hodges was survived by her husband. There were no lineal descendants. As a result and pursuant to G.S. 29-14 the property passed by intestate succession one hundred percent to the husband of the testatrix, Walter Hodges, Jr. When Walter Hodges, Jr. died his heirs came into possession of the property and the trial court properly divided the property among the heirs of Walter Hodges, Jr.

Accordingly I concur in the result which affirms the judgment of the trial court.