ROGER TERRY CANOY, Plaintiff v. ROBERT WAYNE CANOY and wife, DELORES J. CANOY, JAMES LESLIE CANOY and wife, NELLIE MAE CANOY, JANIE CANOY M. SUMNER and husband, FARRELL SUMNER, WILLIAM LARRY CANOY and wife, FAYE CANOY, BRENDA FAYE CANOY BUCKLES, HAROLD EUGENE CANOY and wife, JUDY CANOY, GLENN KEITH CANOY and wife, SANDRA CANOY, RICHARD EDGAR CANOY and wife, DOROTHY CANOY, and NANCY LOU CANOY CAPPS and husband, JOSEPH CAPPS, SCOTT N. DUNN, ADMINISTRATOR OF THE ESTATE OF MYRTLE GREESON CANOY, and JOHN DOES A through Z, THE UNBORN HEIRS OF MYRTLE GREESON CANOY, Defendants

No. COA98-1185

(Filed 19 October 1999)

**1. Wills— life estate—contingent remainder—per stirpes share—condition of survival**

In a declaratory judgment action construing the last will and testament of plaintiff's mother devising the subject property to plaintiff-son as a life tenant and at his death in ten equal per stirpes shares to the testatrix's ten children, the remainder interest is contingent because the devise requires the remaindermen to survive plaintiff-life tenant in order to acquire an interest in the property, even though a deceased child's issue would take his or her share.

**2. Wills— life estate—contingent remainder—per stirpes share—remainderman share for life tenant**

In a declaratory judgment action construing the last will and testament of plaintiff's mother devising the subject property to plaintiff-son as a life tenant and at his death in ten equal per stirpes shares to the testatrix's ten children, a consideration of the will in light of the conditions and circumstances existing at the time the will was made reveals that the testatrix provided a remainderman share for plaintiff, even though he could not survive his own death, because plaintiff's issue, if any, would take just as the issue of any of the other nine children who predeceased plaintiff.

Appeal by plaintiff from judgment entered 6 May 1998 by Judge L. Todd Burke in Randolph County Superior Court. Heard in the Court of Appeals 12 May 1999.

*Moser Schmidly Mason & Roose, by Stephen S. Schmidly, for plaintiff-appellant.*

CANOY v. CANOY

[135 N.C. App. 326 (1999)]

*Max D. Ballinger for defendant-appellees William Larry Canoy and wife, Faye Canoy; Harold Eugene Canoy and wife, Judy Canoy; Glenn Keith Canoy and wife, Sandra Canoy; Richard Edgar Canoy and wife, Dorothy Canoy; Nancy Lou Capps and husband, Joseph Capps; and Brenda Canoy Buckles.*

*Robert T. Newman, Sr. Guardian Ad Litem for defendant-appellee Unborn Heirs.*

HUNTER, Judge.

[1] Roger Terry Canoy ("plaintiff") instituted this declaratory judgment action on 14 March 1996 wherein he requested that the court construe the last will and testament of his mother Myrtle G. Canoy ("testatrix") and declare his interest in certain real property devised to him. Item IV of the testatrix's will provides, in pertinent part:

Subject to the life estate of Glenn Canoy in Item III preceding[,] I will and devise all of my farm . . . consisting of all of my real estate in Randolph County . . . to my son, Roger Canoy, for the term of his natural life, and at his death, in ten (10) equal shares to my ten children, and for any that are deceased, to their issue, if any, per stirpes . . . .

The trial court found that each of the testatrix's ten children survived her. The trial court's conclusions relevant to this appeal were that

[t]he class of remaindermen to take pursuant to Item IV of the will of [testatrix] will consist of the brothers and/or sisters of [plaintiff] who survive upon the death of [plaintiff] or the issue of any deceased brother and/or sister of [plaintiff],

and that the life estate of plaintiff did not merge with any remainder interest. While the court stated that only those siblings which survived the plaintiff would take a remainder share, the court did not declare the remainder to be "contingent" or "vested." However, the parties, in their briefs, have addressed the order as if the court found the remainder to be contingent.

Plaintiff and defendant guardian ad litem for the unborn heirs of testatrix contend that the trial court erred in determining that the remainder devised to testatrix's ten children was "contingent" upon their survival of plaintiff. These parties argue that the remainder was "vested" at the death of the testatrix and therefore each child did not

have to survive plaintiff in order to inherit his or her one-tenth share of the subject property. We disagree with this contention.

A vested remainder is "one which is limited to a certain person upon the happening of a certain event," Norman A. Wiggins & Richard L. Braun, *Wills and Administration of Estates in North Carolina* § 280 (2d ed. 1993), such as the natural expiration of the prior estate. "The person entitled to a vested remainder has an immediate fixed right of future enjoyment, that is, an estate *in praesenti*, though it is only to take effect in possession . . . at a future period, and such an estate may be transferred, aliened and charged . . . ." *Richardson v. Richardson*, 152 N.C. 705, 707, 68 S.E. 217, 218 (1910). There are three types of vested remainders: indefeasibly vested remainders, remainders vested subject to partial defeasance (subject to open) and remainders subject to complete defeasance (subject to a condition subsequent). *McMillan v. Davis*, 81 N.C. App. 433, 344 S.E.2d 595 (Eagles J., concurring), *disc. review denied*, 318 N.C. 416, 349 S.E.2d 597 (1986). A remainder interest is not vested, but is contingent, "when it is '*either* subject to a condition precedent (in addition to the natural expiration of prior estates), *or* owned by unascertainable persons, *or both*.'" *Hollowell v. Hollowell*, 333 N.C. 706, 715, 430 S.E.2d 235, 242 (1993) (*citing* Thomas F. Bergin & Paul G. Haskell, *Preface to Estates in Land and Future Interests* at 73 (2d ed. 1984)). Therefore, a person who holds a contingent remainder has no immediate fixed right of future enjoyment because whether or not his remainder will vest, or what portion he is to take, is unknown at the time of the devise.

Our Supreme Court has stated:

It is the general rule that remainders vest at the death of the testator, unless some later time for the vesting is clearly expressed in the will, or is necessarily implied therefrom . . . . And it is a prevailing rule of construction with us that adverbs of time, and adverbial clauses designating time, do not create a contingency but merely indicate the time when enjoyment of the estate shall begin.

*Pridgen v. Tyson*, 234 N.C. 199, 201, 66 S.E.2d 682, 684 (1951) (citations omitted). "The paramount aim in the interpretation of a will is to ascertain if possible the intent of the testator." *Entwistle v. Covington*, 250 N.C. 315, 318, 108 S.E.2d 603, 606 (1959). The intent of the testatrix is to be determined from consideration of the entire document, and must be given effect unless it is contrary to some rule

of law or is in conflict with public policy. *Id.* The law favors the construction which gives the devisee a vested interest at the earliest possible moment that the testatrix's language will permit, and

> [a]s an incident of this rule, courts prefer to construe doubtful conditions as subsequent rather than precedent because such construction gives the devisee a vested estate subject to be divested instead of deferring the vesting.

*Elmore v. Austin,* 232 N.C. 13, 19, 59 S.E.2d 205, 210 (1950).

The devise at issue in the present case appears to be a "class gift," which is "created when the donor intends to benefit a group or a class of persons, as distinguished from specific individuals." *Mason v. Stanimer,* 102 N.C. App. 673, 676, 403 S.E.2d 605, 607 (1991). When a future interest is devised to a class with no contingency other than the natural termination of any preceding interest and some members of the class are alive at the testatrix's death, then the gift is vested in those members alive at the testatrix's death subject to open for afterborn members of the class. *Parker v. Parker,* 252 N.C. 399, 113 S.E.2d 899 (1960). Likewise, if the limitation of a remainder refers to a class, but specifically describes the persons who are to take as surely as though they were named, and there is no intention that they shall take only in case they survive the ending of the particular estate preceding, the remainder vests in them immediately upon being created. *Roberts v. Bank,* 271 N.C. 292, 156 S.E.2d 229 (1967). "If, however, the [devise] means that a child had to survive the life tenant in order to acquire an interest in the property, [the child's] interest was contingent." *Id.* at 295, 156 S.E.2d at 231.

The testatrix in the present case devised the subject property "at [plaintiff's] death, in ten (10) equal shares to my ten children, and for any that are deceased, to their issue, per stirpes." While she did not specifically name each child in the devise in question, the devise indicates that she is referring to ten individuals, rather than a class, who will each take a one-tenth share of the property if they are alive at the death of the plaintiff life tenant. If the testatrix had not intended the devise to be to specific individuals who would inherit their share only upon surviving the plaintiff, testatrix would not have divided the remainder into shares and included the alternate devise to each child's issue in case the subject child did not survive plaintiff. The testatrix's words implied that at the plaintiff's death, if a child was not surviving, the child's share was devised to his or her issue.

The devise in the present case is very similar to the one at issue in *Brown v. Guthery*, 190 N.C. 822, 130 S.E. 836 (1925), wherein the testator stated:

> "I give and bequeath unto my beloved wife, Katie B. Toms, the following property, to be held by her during the term of her natural life, and upon her death to revert to my son, Charles French Toms, if he be alive, or to his heirs, if he be dead, viz.: The house and lot where I now live in Hendersonville, North Carolina, on the west side of Main street."

*Id.* at 823, 130 S.E. at 837. The Court held that the remainder to Charles French Toms was contingent, for

> [D]uring the life of the widow the estate in remainder is not "invariably fixed" in Charles French Toms, with the right of enjoyment only postponed until the falling in of the life estate. He takes no estate under the will until the happening of the event provided therein for the vesting of such estate, to wit, his survival of the life tenant.

*Id.* at 825, 130 S.E. at 838. Similarly, in the present case, if a child is deceased at the death of plaintiff life tenant, the testatrix devises the child's share to his or her issue. This clearly indicates that a child takes no estate unless he or she lives past the death of plaintiff life tenant. Thus, a child's survival is a condition precedent to the vesting of the remainder. "Conditions of survival are not implied unless it is clear that the testator so intended." *Roberts*, 271 N.C. at 296, 156 S.E.2d at 232. It is clear that the testatrix intended a condition of survival in the present case. Therefore, each child's remainder is contingent.

Assuming *arguendo* that each child's remainder is vested at the time of the devise, we note that if a vested remainder is subject to a condition subsequent and that condition is not met, the remainder becomes completely defeated. *McMillan*, 81 N.C. App. 433, 344 S.E.2d 595 (Eagles, J., concurring). Upon that instance, "the property remaining, both real and personal, revert[s] to the estate of the testatrix by operation of law." *Id.* at 437, 344 S.E.2d at 597. Any alternative devise of the property by the testatrix will take effect. The devise in question clearly implies that a condition subsequent to vesting must be met in order for each child to come into possession of his or her share—he or she must survive the life tenant. Accordingly, the remainder here is a vested remainder subject to complete defeasance

instead of an indefeasibly vested remainder. The result under such scenario is that a remainderman would actually take possession of his or her one-tenth share only if he or she met the condition of surviving the plaintiff.

[2] Due to our holding that the remainder to each child is contingent, we need not reach plaintiff's additional contention that his life estate merged with an indefeasibly vested remainder, creating a fee simple absolute. We note that the testatrix provided a remainderman share for plaintiff, even though she certainly knew that plaintiff could not survive his own death. While this devise appears confusing upon first glance, it reveals a specific plan that plaintiff's issue, if any, would take just as the issue of any of the other nine children who predeceased the plaintiff. It does not indicate that the testatrix intended the plaintiff's remainder to be indefeasibly vested. The devise illustrates that it was the intent of the testatrix that upon the death of her youngest child, the property at issue was to pass to her surviving children and the issue of predeceased children. In order to ascertain the intent of the testatrix, "the will is to be considered in the light of the conditions and circumstances existing *at the time the will was made.*" *Trust Co. v. Wolfe,* 243 N.C. 469, 473, 91 S.E.2d 246, 250 (1956) (emphasis in original). Because plaintiff was the youngest child and a life estate preceded plaintiff's life estate, the testatrix must have known at the time the will was made that it was very possible that none of her children would survive plaintiff. The testatrix, in making this particular devise, formulated a plan for ensuring that the subject property remain within her family after the death of her youngest child while being divided equally into one-tenth shares, one for each child, or alternatively, the child's issue. The "per stirpes" designation by the testatrix ensured that each child's one-tenth share would go to his or her issue if he were deceased, and the size of the share would not be affected by the issue of the other children, further indication that the devise was one to individuals. Per stirpes distribution "denotes the division of an estate by representation, a class taking the share to which the deceased whom they represent would have been entitled had he been living." *Trust Co. v. Bryant,* 258 N.C. 482, 485, 128 S.E.2d 758, 761 (1963). Additionally, a review of the entire document reveals that in numerous instances, the testatrix made devises to her children, but provided that if they were deceased, the property was to pass to their issue, per stirpes. Because the testatrix included the identical provision in her will numerous times, it is unlikely that she did not intend for each child's remainder to be contingent on his or her survival of plaintiff. Nothing in the will before us indicates a

contrary intent, and to hold otherwise would go against the cardinal rule of will construction. Therefore, the order of the trial court is

Affirmed.

Judges JOHN and TIMMONS-GOODSON concur.