Judge Underwood
delivered tbe opinion of the court.
Abijah Brooks died, leaving a tract of land, part of which descended to his grandson, Abi-jah Duncan, whose mother was a daughter of Brooks and wife of the plaintiff in error; but she died before her father, and consequently the estate was cast upon her son, by descent, directly from the grand-father. Abijah Duncan died when a minor, leaving neither wile or child. The only question presented, by the record upon the foregoing facts is, shall the estate of Abijah Duncan pass to his father, the plaintiff in error, or to his mother’s brothers and sisters?
By the 3d Section of the act of 1796, concerning descents, the estate of a person dying intestate, leav-irig no children nor their discendants, passes to the father, I Dig. 438. Unless this section is rendered, inoperative by some other part of the statute, when applied .to the facts of this case, the plaintiff in error is unquestionably entitled to the land owned by his deceased infant son, inherited from the grand-father. It is contended, however, that the 6th section of the act, which provides that “where an infant dies without issue, having title to any real estate of inheritance, derived by purchase or descent from the mother, the father of such infant, nor any issue which he may have by any person other than the mother of such, infant, shall succeed to, or enjoy the same, &c.” excludes the plaintiff in error from the inheritance. The third section contains the general rule, the sixth section points out an exception to it. But we are of opinion that the case before us, does not come within ihe operation of the exception.
When land, ¿fYhfmotter SCends-from’ her taiherto ^¡“.on’. ™ho cy^without'' children, the passes to t^r father-than to the mother’s bro-und -ai£"
The 6th seetion of the viae°S) tluit* where an in-having title6’ to real estate derived by ii^oent/rcTO the mother, Restate [Jj®:Other’s relations rather than to excludes the father from • cases where the estate fterae/f totheinfants.
ir an infant who has inhe-mother, live until h(> has attained 21 yeari. of age, ant! than dies without issue, his father and not h i ■ moth^rh ccs'i— ti»ns, sareead to his estate.
*47 Abijah Duncan did not derive the estate by purchase or descent, from his mother. She never had any title, and, therefore, it is impossible that site could have transmitted any to her son. The language of the exception, therefore, does not embrace the case. This is admitted by counsel But he contends that a proper construction of the act, keeping in view its object and spirit, will bring the case within the exception. We do not feel at liberty to allow the construction contended for, when we regard the history of our laws regulating descents. The odious doctrine of primogeniture, so uncongenial to the in-stitutionsof a republican people, was repealed by a statute of Virginia, passed in 1785. This act gave the estates of infants dying without issue, to their surviving fathers, no matter whether they were acquired by purchase or descent, from their mothers or any other persons. The exception was introduced for the first lime,by an act of 179Q, and then the father was only excluded from the inheritance, when the infant’s title had been derived by purchase or descent from the mother. Now it would require great latitude of construction, to make the term mother include grand-father. With equal propriety it might be made to in-elude uncles, aunts, and cousins, and the reasoning relied on to extend it to the grand father, would also include these, provided they were of the maternal side. It cannot be presumed that the legislature of Virginia, in providing the exception, according to the act of 1790, and that the legislature of Kentucky, in -forming our statute of 1796, containing the substance of both the acts of 1785 and 1790, could have overlooked the probable occurrence of cases where infants might die without issue, leaving estate derived by purchasejor descent, from others besides their parents, The very fact then, that the legislatures of both states have failed to make provision, except where the title of the infant was derived from father or mother, is conclusive that it was not designed to bring any other case within the exception.
If Abijah Duncan had died the dajr after he attained full age, without issue, and had even acquired the estate from his mother instead of his grand-fa ther, then it would have passed to his father without doubt, *48 the exception only operating upon infants. It might be said that it would be a bard case. The court could not remedy it by construction. The maxim ita le.x scripta must govern, since we have no legislative power. The chancellor in Virginia has interpreted their statutes in an analogous case, as we have done; Owen vs. Cogbill, &c. IV. H. and M. 487.
Hanson, for plaintiff; Simpson, for defendant.
It result; that the court erroneously sustained the demurrer to the bill. Wherefore, the decree is reversed with costs, and the cause remanded, with directions to overrule the demurrer.