RuffiN. C. J.
 

 The present proceeding is founded on the aet of 1808, “ to provide for children born after the making of their parent’s will,” by which it is enacted, that) when a child shall be born after the makingof the parent’s will» and
 
 such parent shall die loithout having made provision for said child,
 
 the child shall be entitled to such portions of the personal and real estates of the parent in value, as he or she would have been entitled to, had the parent died intestate ; which portions are to be made tip in a manner specified in the act The plaintiff’s right, therefore, depends upon the enquiry presented in the pleadings, whether her father’s will does or does not make provision for her. The act, indeed, does not require that the provision by the parent for a child, born after his will was made, should be by the will itself; and there is no doubt that a provision under a settlement or otherwise, executed either before or after the birth of the child, would prevent the claim of a portion under the act. For the act does not proceed upon a notion of compelling the parent against his wishes to give an equal share of his estate or any part of it to every child. But it supposes that every parent is desirous of performing the natural duty of making a provision for each child ; and, therefore, when it happens that a will is made by a parent, who did not contemplate the birth of a child subsequently, and in consequence of that gave away all of his estate to his other children or to other persons, thereby leaving an after born child destitute, the law interposes this provision beneficently as supplying that, which it presumes the parent must have intended to make and would have made after the birth of the child, had not death surprised him, or a mistake as to the effect of his will, or an unaccountable supineness, prevented him from making the alteration dictated by natu-?
 
 *196
 
 ral affection. But this cannot apply to the case of a compe-provision by olher means; for vve can see there a reason, consistent with nature, why the parent should not alter jj.¡s w¡[[^ or even declare in it why he does not make therein a further provision for such a child. It may be said, indeed, that would apply equally to a case, in which the provision for the child came from a grandfather, or a collateral relation, or even a stranger ; since the substance is, that the child is not unprovided for, and that may have induced the parent not to give more. . But it is impossible that the wisest men can foresee every possible state of facts on which a law may operate, and provide in it accordingly. The usual source of provisions for children is tbeparent, and therefore the Legislature has adopted its enactments to that ease, and confined them to it. While, therefore, a provision in any manner or at any time by the parent for the child — except, •by necessary construction of the act, one by reason of a partial intestacy — excludes the ease from the operation of the of 1808; yet to have that effect, the estate derived by the child must be
 
 ex provisions parentis,
 
 both by the words and the spirit of the act.
 

 But in this case, there is no other provision for the plaintiff but that in the will, if there be any in that instrument; and the case, therefore, turns on the construction of the will. If the act of 1808 had never passed, there is little doubt that it would be readily discovered, that this will did not exclude, but included, the plaintiff; -for courts are ahvays anxious to effectuate the intention of testators, when there is a gift to a class of persons, as to children, by including in it as many persons, answering the description, as possible : seeing they all stand in the like relation to the testator, and, when a parent, in a very near relation. In consequence of this inclination a number of rules of construction have been laid down, under several of which the plaintiff would get a provision, though it happens an inadequate one, nndev her father’s will. For, although, when it is clear a testator meant to confine the gift to children, or to any other class of persons, to those only who were
 
 in esse
 
 at the making of
 
 *197
 
 the will, that meaning must govern ; yet the intention must be plain, to have that effect. When, however, legacies given to children, payable or to be divided at some period subsequent to the testator’s death, then those persons, whether born before or after the making of the will, or before or after the death of the testator, who come into being before the period of division &c. and so answer the description at that time, are entitled.
 
 Vanhook
 
 v
 
 Rogers,
 
 3 Murph. 178.
 
 Fleetwod
 
 v Fleetwood, 2 Dev. Eq. 222.
 
 Knight
 
 v Wall,
 
 2
 
 Dev. & Bat. 125. But in construing a father’s will, although the division may not be postponed, a gift to his own children will be held to include all of them in being at his death, unless it be evident upon the will that the testator meant the provision only for those living at the date of the will; for the law presumes he intended to fulfil his natural duty by providing for each one, and, therefore,
 
 if it be
 
 possible, receives his words in that sense. This is strongly exemplified in the two cases of
 
 Matchwick
 
 v
 
 Cock,
 
 3 Ves. 609, and
 
 Freemantle
 
 v
 
 Taylor,
 
 15 Ves. 363; the former of which was decided by Lord Alvacjley, and the latter by Sir William Grant ,- in which it was very apparent that only the-children in existence when'the will was made were within the contemplation of the testators; yetas there was no apparent purpose to exclude others, those after born were admitted under the general term “children” of the testator. Here we have not only the circumstances, that there are future divisions, and that the objects of the testator’s bounty are his own children, but the testator says that in the mean time
 
 “all nnj
 
 children” shall be educated in the best manner; and, then, those divisions are to be made in shares equal in number to
 
 the children then living,
 
 and finally,
 
 the residue, after
 
 taking out certain parts for four named sons in 1851,
 
 is then to be equally divided between all the testator's children then living.
 
 Here is an express provision for the plaintiff, to say nothing of the cross limitations among the children upon the death of any not leaving a child and under age. As before mentioned, the statute only provides for the case where the parent dies without having
 
 *198
 
 made provision for the child; which means, without making any provision. For the act does not mean to judge between the parent and child as to the adequacy of the provision he may choose to make; but only to supply his accidental omission to make any, and, in doing that, the rules of the statutes of distributions and descents are adopted, because there is no other.
 

 Per. Curiam, Decree reversed and petition dismissed.