T. M. CLARK and MINNIE E. CLARK v. OLA A. BENTON, a minor, by guardian.

(Decided March 21, 1899).

*Construction of Will—Posthumous Child.*

Where it can be gathered from the will that it was the intention of the testator that a posthumous child should share equally with his two children, *in esse*, the Court will effectuate his intention.

PETITION FOR PARTITION of land filed before the Clerk of IREDELL Superior Court, and transferred to Term, and heard before *McIver, J.,* at May Term, 1898.

The parties all claimed under the will of Alexander Clark. T. M. Clark was a posthumous child. The decision of the cause involved the proper construction of this will. His Honor decided that they all shared equally, each taking one-third. The defendant excepted and appealed.

A copy of the will appears in the opinion.

*Mr. J. B. Connelly,* for defendant (appellant).

*Messrs. Armfield & Turner* and *L. C. Caldwell,* for plaintiffs.

CLARK, J. This was a petition for partition, brought by T. M. Clark and Minnie E. Clark against Ola A. Benton (joining W. O. Benton, her guardian,) transferred to the Superior Court upon issues raised by the pleadings. The result depends upon the proper construction of Items 2 and 4 of the will of Alexander Clark, deceased, which are as follows:

"Item 2. I will unto my son Alexander Clark as trustee, and in trust to the use of my daughter Mary E. Lelmy during her lifetime, and then to her children, if she has any, and if not, to my two youngest children, Minnie Etta and Alice Rebecca, a piece of land bounded as follows: "Beginning at an Elm, John Setzer's and my corner (here follows the boundaries) containing one hundred and fifty or sixty acres, more or less."

"Item 4. I will and bequeath unto my son Alexander Clark, as trustee, and in trust to the use of my beloved wife, Clarentine D., the balance of my home plantation, during her life, and then to my two daughters Minnie and Alice R.;

and in case my wife should be in a family way and have a living child, it is to receive an equal part in the above land with Minnie E. and Alice R."

It was admitted that Alexander Clark died in the month of August, 1869.

2. It was admitted that Troy M. Clark was twenty-six years of age at the comencement of this section, and is the posthumous son of Alexander Clark, the testator, born in a few months after his death, and is the person mentioned in the third paragraph of said will.

3. It was admitted that Alice R. Clark died, leaving the defendant Ola A. Benton as her only child and heir-at-law, and that the said Alice R. Clark has married W. O. Benton.

It is admitted that Minnie E. Clark is still living.

5. The land sought to be partitioned is admited to be the same land as that described in the second paragraph of the will and in the petition.

6. It was admitted on the trial that Mary E. Lemly died in 1896, without issue.

The defendant offered Alexander Clark as a witness, who testified that he was the trustee mentioned in the second paragraph of the will, and that Mary E. Lemly received the rents of said land from the death of the testator to her death in 1896.

It is admitted that Troy M. Clark, the plaintiff, has never received any part of the rents of said land."

Upon the foregoing evidence the Judge charged the jury that if they believed the evidence they should, in response to the issue, find that the plaintiffs, Troy M. Clark and Minnie E. Clark, and the defendant Ola A. Benton, were each entitled to one-third interest in the land in controversy (described in the second item of the will), and the defendant excepted.

---

There can be, in our opinion, no reasonable doubt that this was the intention of the testator. By the death of Mary Lemly without issue, the limitation over to Minnie and Alice took effect, and this tract of land became theirs under the will, as much so as that devised in the fourth item, and as such the plaintiff Troy M. Clark is entitled to one-third therein, which renders the share of the other plaintiff Minnie E. and the defendant Ola A. Benton likewise one-third each, instead of one-half each, as contended by the defendant.

Item 4 gives the posthumous child (if there should be one) "an equal part with Minnie E. and Alice R. in the above land;" *i. e.* not merely in the land devised to them by that clause, but in all that was given them by the will.

Being tenants in common, nothing less than adverse possession for twenty years would bar the plaintiffs' right of partition. *Lenoir v. Mining Co.,* 113 N. C., 513. Indeed, that defence seems to have been abandoned.

Affirmed.