## Lamar, et al. v. Crosby, et al.

(Decided January 26, 1915.)

### Appeal from Hancock Circuit Court.

1. Wills—Construction—Designation of Devisees—Children—Classes. —A general devise to the children of the testator includes a child en ventre sa mere at the time of the testator's death.

2. Descent and Distribution—Persons Entitled and Their Respective Shares—Pretermitted Child.—Where there is a general devise to "the children" of testator without specifically naming them, a child en ventre sa mere at the death of the testator, although posthumous, is not pretermitted. All the children are included, and therefore none are pretermitted.

W. SCOTT MORRISON and J. R. HIGDON for appellants.

G. D. CHAMBERS for appellees.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

Z. T. Crosby, a resident of Hancock county, died there domiciled on November 9th, 1893. His last will and testament, dated May 17, 1893, contained the following language, in so far as pertinent upon this appeal:

"It is my will that, after my funeral expenses and all my just debts shall have been paid, that my beloved wife, Vitula A. Crosby, shall live on my farm and have full control of same; but, if she shall leave said farm, I desire that it shall be rented out for the benefit of my children; or, if she should marry again and thereby cease to be my widow, then she is to have no further control or benefit of the farm; but, in that case, I desire that it shall be rented out for the benefit of my children until they become of age, when it may be equally divided between them."

At the date of this will Crosby had two children, William and Artie. Six months after his death another child, Ruth, was born to Mrs. Crosby.

The widow accepted the provisions of the will and continued to reside upon the farm mentioned in the will until May, 1897, at which time she married B. H. Lamar and left the farm. After several years, however, she returned and took possession of it.

Ruth Crosby, the posthumous child, married Larus Rice, but died before reaching the age of twenty-one years, and without issue.

On June 27, 1913, William Crosby, Artie Crosby, Ruth Crosby Rice and her husband, Larus Rice, instituted an action against Vitula Lamar and B. H. Lamar, in the Hancock Circuit Court, to recover possession of the farm mentioned.

On March 2, 1914, an amended petition was filed therein by plaintiffs, William Crosby, Artie Crosby and Larus Rice, reciting the fact of the death of Ruth and claiming the ownership of the farm to be in William Crosby and Artie Crosby, subject to the interest of Larus Rice as surviving husband of Ruth Crosby Rice.

The defendants answered, claiming that the defendant, Vitula Lamar, was the owner of an undivided one-third interest in the farm by descent from her daughter, Ruth Crosby Rice.

A demurrer to this answer was interposed and the cause being submitted thereupon the same was sustained and defendants, refusing to plead further. the court ad-

judged that William Crosby and Artie Crosby were the owners of the farm subject to the statutory life estate of Larus Rice in one-ninth thereof. From that judgment the Lamars appeal.

1. It is claimed by appellant, Mrs. Lamar, that her daughter, Ruth Crosby Rice, was a pretermitted child, and that, under Section 4848, Kentucky Statutes, she took an undivided one-third interest in the farm, not by descent from her father, however, but by contribution from her two brothers; it being the contention of appellant that the two brothers took each a one-half interest in the farm as devisees under their father's will, but, by virtue of the statute mentioned, were required to make up their sister's share, as a pretermitted child, by contribution; that, therefore, the interest of the daughter Ruth descended, under Sub-section 2 of Section 1393, Kentucky Statutes, to her mother.

Appellees seem to concede that their sister Ruth is a pretermitted child; but they contend that, although under the statute, her share is made up by contribution, yet, in point of fact, it was derived by descent from her father by virtue of the statute; and that, therefore, it descended to them under Section 1401, Kentucky Statutes.

Ruth Crosby Rice was a posthumous child, but she was not a pretermitted child. By his will her father devised the farm "to his children" as a class, without specifically naming them. Had he named William and Artie Crosby in the will as his "children," and had Ruth Crosby (of whose existence *en ventre sa mere* the law presumes her father had knowledge at the time of his death) not been provided for or expressly excluded by the will, then she would have been, in law, a pretermitted child within the purview of Section 4848, Kentucky Statutes.

The statute on pretermittance was enacted to relieve against unintentional disherison of a testator's children; but in the case at bar the testator did not unintentionally omit to make provision for Ruth Crosby; he devised the farm to "his children," and at the time of his death, in law, she was one of them.

Subject to the qualification that it must be born alive, a child *en ventre sa mere* is, in law, considered *in esse* from the date of its conception, for all purposes beneficial to it. And the weight of authority in the United

States and in England is that, where a devise is made to the "children" of the testator, as a class, a child of the testator, *en ventre sa mere* at the time of the death of the testator, will be considered as included within the designated class, and will take under the devise. Such a child is included within the motive of the gift. Adams v. Logan, 6 T. B. M., 175; 119 A. S. R., 946, note; 7 Ann. Cas., 134, note; 43 Am. Dec., 474, note; 4 Kent's Comm., 13th Ed., Section 412; 40 Cyc., 1452, 1479.

In this State the court has gone so far as to hold that where there is a general devise to "the children" of another than the testator, such devise includes all the children of such person living at the death of the testator as well as any that may thereafter be born. Lynn v. Hall, 101 Ky., 738, 19 R., 996, 43 S. W., 402, 72 A. S. R., 439; Gray v. Pash, 66 S. W., 1026, 24 R., 963; Goodridge v. Schafer, 68 S. W., 411, 24 R., 219; Caywood v. Jones, 108 S. W., 888; U. S. F. & G. Co. v. Douglas' Trustee, 134 Ky., 374, 120 S. W., 328, 20 Ann. Cas., 993. In Barker v. Barker, 143 Ky., 66, 135 S. W., 396, it seems, however, that the rule laid down in the foregoing cases may be limited to devises to the children of a near relative, and not necessarily applicable where the devise was to the children of a stranger in blood to the testator.

These authorities are here mentioned only for the purpose of illustrating the rule that where a devise is to "the children" of a designated person, without specifically naming them, they take as a class.

So, although the child Ruth was *en ventre sa mere* at the time of her father's death, she was, nevertheless, his child at that time *in esse,* and she took as a devisee under the will in equal measure and in the same manner as the testator's other children, her brothers.

And, by Section 1401, Kentucky Statutes, her undivided one-third interest, which she acquired by devise under her father's will, descended to her brothers, subject only to the statutory life estate of her surviving husband in one-third of her interest.

The judgment of the lower court to this effect is, therefore, affirmed.