R. E. SHEPPARD, EXECUTOR OF THE ESTATE OF W. BRUCE KENNEDY, DECEASED, v. WILLIAM WOOTEN KENNEDY, MABEL LILLIAN SUTTON KENNEDY, BETTY BRUCE KENNEDY, A MINOR, AND AGNES RICKS KENNEDY, INDIVIDUALLY, AND AGNES RICKS KENNEDY, GUARDIAN AD LITEM FOR BETTY BRUCE KENNEDY, A MINOR, AND W. W. W. KENNEDY, ADMR. C.T.A. OF ESTATE OF MABEL LILLIAN SUTTON KENNEDY, DECEASED, AND THOMAS B. GRIFFIN, GUARDIAN AD LITEM FOR THE UNKNOWN HEIRS AT LAW AND NEXT OF KIN OF WILLIAM WOOTEN KENNEDY.

(Filed 26 August, 1955.)

**Wills § 41—**

Where a will makes substantial provision for a class of beneficiaries to which the posthumous child of testator belongs, such provision precludes the application of G.S. 31-45, and such child is not entitled to claim under the statute as a pretermitted child. G.S. 31-45 has been rewritten by Section 7, Chapter 1098, Session Laws of 1953, codified as G.S. 31-5.5.

BARNHILL, C. J., took no part in the consideration or decision of this case.

APPEAL by defendant Betty Bruce Kennedy from *Parker, J.,* at 28 February, 1955, Civil Term of LENOIR.

*Jones, Reed & Griffin for appellees.*
*Whitaker & Jeffress for appellant.*

JOHNSON, J. This is a proceeding under G.S. 28-158 to determine the share to which a posthumous child is entitled in the settlement of her father's estate. The appellant, Betty Bruce Kennedy, is the posthumous child. Her father, W. Bruce Kennedy, died leaving a last will and testament.

It is alleged on behalf of the child that the father died without making provision for her and that by virtue of G.S. 31-45 she is entitled to share in his estate in the same manner as if he had died intestate.

The court below ruled, however, that the father's will, by gift to a class to which the child belongs, makes provision for her within the meaning of G.S. 31-45, and that therefore the child is bound by the terms of the will.

Whether this ruling was correct is the single question presented by the appeal.

G.S. 31-45 provides in part as follows: "Children born after the making of the parent's will, and whose parent shall die without making any provision for them, shall be entitled to such share and proportion of the parent's estate as if he or she had died intestate, . . ."

The testator, W. Bruce Kennedy, was first married to Ethlyn A. Kennedy, who died in 1948. Later that year he married Agnes Ricks Kennedy, who is now his widow. He made his will in July, 1948, twenty-two days after the second marriage. He died 31 May, 1950, at the age of 45, survived by a son, William Wooten Kennedy, age then 19, the only child of his first marriage. However, on 18 February, 1951, 8 months and 17 days after his death, his widow, Agnes Ricks Kennedy, gave birth to Betty Bruce Kennedy. This child and the son by the first marriage are the testator's only heirs at law and next of kin.

The pertinent parts of the will are Items II and III.

By Item II, the testator devised his 130-acre farm, on which was located his home, to his mother for life, then to his son William for life, with remainder "at his death to the child or children of his body him surviving; . . .," with provision for the child or children of any deceased child to take the share of the deceased parent.

The 130-acre farm which was devised under Item II of the will to the testator's mother and son was valued for the purposes of this action at $20,000.

By Item III, the testator directed that "all the remaining property of which I may die seized and possessed . . . shall be . . . distributed among my next of kin and heirs at law in the same manner as if I had died intestate; . . ."

The residue of the estate which passed under Item III of the will includes personal property of the value of several thousand dollars and a 22½% interest in two tobacco auction sales warehouses and operating equipment located in or near Kinston. The undivided interest of the testator in the warehouse property was sold under order of court and brought $100,000.

The widow, Agnes Ricks Kennedy, dissented from the will and claimed the cash value of her dower in the warehouse property. This,

amounting to $24,745.14, was paid to her. Out of the residue of the warehouse moneys the debts of the testator, after application of the personal estate, have been paid. The principal debt of the estate was a specific lien of $22,000 against the testator's real estate, securing an original loan of $35,000 used in acquiring a 22½% interest in one of the warehouses purchased by the testator after the will was made in 1948. His 22½% interest in the other warehouse was owned at the time the will was made.

The executor now has on hand a balance of $37,198.85, as real estate assets, derived from the sale of the warehouse property, for final distribution, less the costs and charges of administration.

Here, then, we have a net residuary estate in land of the value of some $35,000 for equal division, according to Item III of the will, between the testator's two children, namely: William Wooten Kennedy and the posthumous child, Betty Bruce Kennedy. This amounts to substantial provision for the child. We are constrained to the view that the will makes "provision for" her within the meaning of our pretermission statute, G.S. 31-45, and prevents application of this statute for her benefit.

It is true the will makes no direct, specific provision for the child, and it is also true that the testator at the time of his death did not know the child had been conceived. However, on this record neither of these factors is of controlling importance. Here the testator has made substantial provision for a class of beneficiaries to which the posthumous child belongs. Also, we think the language of the will when considered from its four corners and in the light of the circumstances surrounding the testator, manifests a clear intent to provide for the contingency of an after-born child, including one posthumously born. See *Lamar v. Crosby*, 162 Ky. 320, 172 S.W. 693. There the testator, having two children, made a bequest of property to "my children," and it was held that a posthumous child, being included in the term "children," was not entitled to claim under the statute as a pretermitted child.

The decisions cited and relied on by the appellant have been carefully considered. They are either factually distinguishable or are not considered controlling. It would serve no useful purpose to discuss the cited cases or to elaborate further on this opinion, particularly so in view of the fact that by Section 7, Chapter 1098, Session Laws of 1953, our pretermission statute, G.S. 31-45, was completely rewritten. It is now codified as G.S. 31-5.5. Whether this statute should be amplified so as to deal more specifically with the rights of a posthumous child who takes only as a member of a class of beneficiaries is a question which might well be pondered by the lawmaking body.

SHEPPARD *v.* KENNEDY.

It follows from what we have said that the appellant must take under the will of her father, rather than under the intestacy statutes. The judgment below so decreeing will be upheld.

Affirmed.

BARNHILL, C. J., took no part in the consideration or decision of this case.