EBBS ET AL. *v.* SMITH, EXR., ET AL.

(No. 15,187—Decided January 26, 1979.)

Court of Common Pleas of Highland County, Probate Division.

*Mr. Daniel Kilcoyne,* for plaintiff.
*Mr. Robert J. Smith,* for defendant executor.
*Mr. Jesse Cole, Jr.,* for defendant.

DAVIS, J. This cause is before the court on a motion for summary judgment in an action for determination of heirship.

The court finds the facts uncontroverted. Sadie S. McWilliams died testate April 2, 1978. Her last will and testament, executed December 3, 1974, gave her residuary estate "* * * to the children and grandchildren of Mary Muntz. Share and share alike among those living at the time of my death." David Mathew Ebbs is a grandchild of Mary Muntz. He was a viable unborn child capable of sustaining life outside the mother's womb at the time of the death of testatrix and was born April 5, 1978, three days after the time of the death of said testatrix, Sadie S. McWilliams.

Plaintiffs claim that David Mathew Ebbs was en ventre sa mere, i. e., in its mother's womb, and as such was a viable living human being capable of existing outside the mother's womb at the time of the death of Sadie S. McWilliams and entitled to a full equal share of her residuary estate. The question is unique, the answer intriguing. A sparsity of case law exists.

The issue presented requires a construction of the will to determine the intention of the testatrix and to apply the case law of Ohio, if any such exists.

Did testatrix intend to favor an unborn child as a beneficiary of her bounty? The child, David Mathew Ebbs, had neither been born nor conceived at the time of the execution of the will. The testatrix, Sadie S. McWilliams, in anticipation of the events of both life and death that might occur between the execution of her will and her death clearly expressed her intention that the time of death would determine the class of persons to become beneficiaries under her will. They were to be the children and grandchildren of Mary Muntz "* * * living at the time of my death."

Did she intend to include a child conceived, but unborn until three days after her death? The sole purpose of the court in a will construction case, is to ascertain and carry out the intention of the testatrix. Applying all the known rules of construction, ascertaining the intent from a full view of the four corners of the instrument, from the words used and forborne to be used, read in connection with surrounding facts and circumstances, giving words their ordinary and commonly accepted meaning and construed as of the date of execution, it cannot be realistically stated

that testatrix anticipated the situation which has in fact arisen. She more probably never thought of it. The court's duty then becomes one of determining the probable intention of a testatrix who, in all probability, had no intention as to the matter whatsoever.

A fictitious intention can logically be drawn either way, that testatrix intended to include a child in esse yet unborn or intended to exclude a child unless born.

What then of the existing case law of Ohio as precedent for resolving the issue? Caution must be exercised because no two wills present precisely the same question. Each must stand alone. Even so, if the existing case law, however meager, can be determined and if it pertains to the fact pattern of the case at bar, it is the duty of this court to apply it.

Is a child en ventre sa mere a living person? Counsel cite the following cases and statutes.

*Williams* v. *Marion Rapid Transit, Inc.* (1949), 152 Ohio St. 114, holds that a child born alive may maintain an action for damages for prenatal injuries. Here, the unborn viable child capable of existing independently of the mother was found to be a person within the meaning of Section 16, Article I of the Constitution of the state of Ohio.

What if the child is stillborn? How could it be a living person who would take a bequest?

In *Stidam, Admx.* v. *Ashmore* (1959), 109 Ohio App. 431 the court held that an action may be maintained for the wrongful death of a viable, unborn child which is subsequently stillborn because it is a person. See dissent of P. J. Wiseman.

*Phillips* v. *Herron* (1896), 55 Ohio St. 478, held that in the act on perpetuities, a child in utero at the testator's death is in being.

R. C. 2107.34 expresses the legislature's intent to favor an afterborn child or pretermitted heir.

R. C. 2105.14 provides that the child of an intestate begotten before his death, but born thereafter, shall inherit.

Neither statute has application to the case at bar. The judicial decisions cited above develop the concept that a

child en ventre sa mere is a person, but remain outside the scope of the instant case.

We must turn to an early pronouncement of the Supreme Court of Ohio in *Starling's Exr.* v. *Price* (1864), 16 Ohio St. 29, to find the present issue considered. Testator's bequest in item 24 of his will was "to each of the daughters that is now living of my said niece Ann Price." The case holds that where testator employs terms which were used as substitutes for the names of the legatees, and to identify individual persons, such will be confined to the individual persons designated. In this case, a child en ventre sa mere did not take.

But, this case also stands for the proposition that if a bequest contains terms which show an intention to confer a bounty on a class of persons, even though qualified or restricted, a child en ventre sa mere will be considered as included in the designated class, and take under such bequest; such infant being potentially in existence, and included within the motive of the gift.

A bequest to children of testatrix or of some person who is indicated in the will, includes a child en ventre sa mere; since it is considered as a child in existence for all beneficial purposes. The rule is not applied unless the benefit and interest of the child will thereby be promoted. Obviously, the rule does not apply if other provisions of the will tend to show a contrary intention. The texts and an abundance of case law authority of a majority of states support this position. 4 Page on Wills 432 (Bowe-Parker Rev.), Section 34.14; 28 Ohio Jurisprudence 2d 541, Infants, Section 3; 56 Ohio Jurisprudence 2d 148, Wills, Section 614; Thompson on Wills (2 Ed.) 102, Section 75, and 352, Section 273; Thompson, Construction of Wills (1 Ed.) 287, Section 161.

*Cleveland Trust Co.* v. *Johnson* (1954), 126 N. E. 2d 824, a Probate Court case from Cuyahoga County, also holds that where testatrix provided that upon the death of the last survivor of testatrix's two sons, certain trust property should be distributed to the "then living issue of my children," per capita, a conceived but unborn great

grandchild is included with other distributees.

In the case at bar, testatrix clearly intended to confer her bounty on a class of persons, to-wit: "* * * the children and grandchildren of Mary Muntz. Share and share alike among those living at the time of my death." Membership of the class was to be fixed at her death. The applicable rule of construction will permit all unborn members of the class to be counted where potentially in existence at the time of testatrix's death. *Lamar* v. *Crosby*, (1915), 162 Ky. 320, 172 S. W. 693; *Scott* v. *Turner* (1925), 137 Miss. 636, 102 So. 467; *Fuller* v. *Gale* (1918), 78 N. H. 544, 103 A. 308; *Culp* v. *Lee* (1891), 109 N. C. 675, 14 S. E. 74; *Clark* v. *Benton* (1899), 124 N. C. 197, 32 S. E. 555; *Evans* v. *Opperman* (1890), 76 Tex. 293, 13 S. W. 312.

What if David Mathew Ebbs had been stillborn? This court's opinion is that the capacity of a person to take a present vested interest under a will is to be judged as of the date of testator's death, but subject to being divested if said child is stillborn and unable to benefit from said bequest.

The child, David Mathew Ebbs, grandchild of Mary Muntz, en ventre sa mere, was a member of the designated class of beneficiaries. As such, he became vested in a full equal share of the residuary estate of Sadie S. McWilliams at the time of her death. He was born alive and is able to benefit from said bequest.

This cause being heard upon a motion for summary judgment, it is the opinion of the court that reasonable minds can come to but one conclusion and that conclusion is adverse to the parties against whom the motion for summary judgment is made. That conclusion is that there is no genuine issue as to any material fact and that pursuant to Civ. R. 56 (C) plaintiffs are entitled to a judgment as a matter of law.

*Judgment for plaintiffs.*