**Betty Jean FRANCIS, Individually and as Administratrix of the Estate of Frinnie Glen Justice, and Ralph Francis, Jr., Her Husband, Appellants,**

v.

**Grover JUSTICE and Mary Jo Justice, His Wife, Appellees.**

**No. 84–CA–1535–MR.**

Court of Appeals of Kentucky.

April 12, 1985.

Michael de Bourbon Pikeville, Ky., for appellants.

Lawrence R. Webster, Webster & Clark, Pikeville, Ky., for appellees.

Before HOWERTON, McDONALD and WHITE, JJ.

HOWERTON, Judge.

Betty Jean Francis appeals from a judgment of the Pike Circuit Court denying her a dower interest in real property owned by her deceased husband, Frinnie Glen Justice. She argues that the trial court erred in holding that KRS 391.020, also known as the "Ancestral Property Statute," supersedes KRS 392.020, the dower statute. We agree with her argument and reverse the judgment.

In 1969, Grover and Mary Jo Justice gave a tract of real estate to their son, Frinnie Glen Justice. Frinnie married Betty Jean on August 4, 1970. Frinnie died without issue on April 21, 1979, but was survived by his widow, Betty Jean Justice, now Betty Jean Francis. Betty Jean qualified as his administratrix and has continued to act as such since her appointment.

The Justices filed this action pursuant to KRS 391.020(1) seeking to recover the real property they had given their son and to have the estate settled. In the alternative, they alleged that the property was indivisible and requested that it be sold and the proceeds appropriately divided. Only the bare bone facts were stipulated. In addition to the facts previously mentioned, we know that Frinnie Glen Justice possessed enough personal property to pay his debts. The lot in question was surplus. We do not know if he owned any other real property or if Betty Jean had in any way contributed to improving the value of the real estate in question. We are not presented with any issue which might be affected by either fact, however.

KRS 391.020(1) reads:

When a person dies intestate and without issue, owning real estate of inheritance which is the gift of either of his parents, the parent who made the gift, if living, shall inherit the whole of such estate.

The facts in this case fall squarely within every requirement of that statute. The problem is that Frinnie was married at the time of his death, and KRS 392.020 reads in part as follows:

After the death of the husband or wife intestate, the survivor shall have an estate in fee of one-half (½) of the surplus real estate of which the other spouse or anyone for the use of the other spouse, was seized of an estate in fee simple at

the time of death.... Unless the context otherwise requires, any reference in the statutes of this state to "dower" or "curtesy" shall be deemed to refer to the surviving spouse's interest created by this section.

Although there are some Kentucky decisions to draw on for guidance, we find none that have specifically resolved the conflict between the two statutes, as is created in this factual situation.

KRS 391.020(2) is another "ancestral property statute." It reads in part:

If a person under the age of eighteen (18) dies without issue, having the title to real estate derived by gift, devise or descent from one (1) of his parents, the whole shall descend to that parent and that parent's kindred, and if there is none, then in like manner to the other parent and his kindred....

This statute pertains to property of infants who die without issue. They can acquire the property by gift or inheritance, and it is not necessary that the parent survive. If the parent from whom the property was received does not survive, it goes to that parent's kindred, whether it be children, parents, or brothers and sisters—which would be brothers and sisters, grandparents, or aunts and uncles of the deceased child.

■ The ancestral property statutes have been in Kentucky law in some form since 1796. *Duncan v. Lafferty's Adm'r*, 29 Ky. (6 J.J. Marsh.) 46, (1831). The policy reason for the statutes was to prevent the estate of a parent from being distributed to strangers to his blood when any of his children died without issue. *Lanferman v. Vanzile*, 150 Ky. 751, 150 S.W. 1008 (1912). Although *Lanferman* dealt with the precursor of KRS 391.020(2), the same policy provides the basis for the statute now identified as KRS 391.020(1). *Lanferman* dealt with an unmarried infant.

*Lanferman, supra,* indicates that the ancestral property law overrides or limits the laws relating to descent and distribution. In *Lanferman,* we read at 753:

The statute regulating the descent of real estate is section 1393, Ky. Statutes, which provides that when a person shall die intestate his real estate shall descend "first to his children and their descendants;" but section 1401, [now KRS 391.020(1)] which is a part of the same chapter, and is one of the limitations upon section 1393 [now KRS 391.010], is as follows: [Here is quoted the text of what is now KRS 391.020(2).]

No case has yet held, however, that KRS 391.020(1) or (2) supersedes, limits, or overrides the "dower" provisions in KRS 392.020.

To the contrary, two cases dealing with the infant statute, KRS 391.020(2), have held or indicated that dower rights are not eliminated or affected by the ancestral property provisions. In *Lamar v. Crosby,* 162 Ky. 320, 172 S.W. 693 (1915), a father willed real property to his two sons and one daughter. The daughter married but died intestate as an infant. Her mother, the testator's widow, filed the action to recover the one-third undivided interest, but the court held that the property descended to the daughter's brothers, subject to the curtesy interest in the husband. *Lamar* reads, at 162 Ky. 323, 172 S.W. 693:

And, by section 1401, Kentucky Statutes, her undivided one-third interest, which she acquired by devise under her father's will, descended to her brothers, subject only to the statutory life estate of her surviving husband in one-third of her interest.

Prior to 1956, dower and curtesy provided a surviving spouse with a one-third interest for life, rather than a one-half interest in fee.

The case of *McCoy v. Ferguson,* 249 Ky. 334, 60 S.W.2d 931 (1933), involved several issues, but the decision did depend in part upon the infant statute, and it indicated that the infant's widow was entitled to dower.

We see no basic difference in the purpose of KRS 391.020(1) and KRS 391.-020(2), and we find nothing in the law or logic which mandates that the ancestral property statutes bar a surviving spouse of dower or curtesy. The statutes ignore the condition of a married child, adult or infant. We conclude that *Lamar, supra,* and *McCoy, supra,* are dispositive of the issue.

The judgment of the Pike Circuit Court holding that Betty Jean Francis has no dower interest in the real property given to Frinnie Glen Justice by his parents is reversed. This case is remanded for consideration of the alternative relief requested in the complaint.

All concur.