JANETT B. MASON, GUARDIAN AD LITEM FOR JUSTIN CHET MASON, A MINOR v. CAROL STANIMER, EXECUTRIX AND DEVISEE UNDER THE LAST WILL AND TESTAMENT OF THEODORE WILLIAM STANIMER

No. 9011SC736

(Filed 7 May 1991)

**Wills § 65 (NCI3d) — pretermitted child — included in class gift in will**

    The trial court correctly held that Justin Mason had no interest in the estate of his father under N.C.G.S. § 31-5.5 because he had been included in his father's will where the parties agreed that Justin was a child of the testator who was born after execution of the will, but disagreed as to whether the will made some provision for Justin. The will left the entire estate to the wife, who was still living, with a trust in favor of the testator's children in the event his wife predeceased him. Because the class gift donor is said to be group minded, the class gift is one in which the donor intends that the number of donees is subject to fluctuation. The testator chose not to name his children individually but made provision for them as a group or class. The language of N.C.G.S. § 31-5.5(a)(1) is both clear and absolute; as long as a testator makes some provision in the will for the child, whether adequate or not, the after-born child has no right to take an intestate share of the testator's estate.

    **Am Jur 2d, Wills §§ 1200, 1203.**

    **Pretermitted heir statutes: what constitutes sufficient testamentary reference to, or evidence of contemplation of, heir to render statute inapplicable. 83 ALR4th 779.**

APPEAL by plaintiff from judgment entered 22 March 1990 in LEE County Superior Court by *Judge Wiley F. Bowen.* Heard in the Court of Appeals 24 January 1991.

MASON v. STANIMER

[102 N.C. App. 673 (1991)]

*Kennedy & Teddy, by David R. Teddy, for plaintiff-appellant.*

*Love & Wicker, by Jimmy L. Love, for defendant-appellee.*

WYNN, Judge.

Plaintiff brought this action on behalf of her minor son, Justin Chet Mason, seeking to have the child, who was born after the execution of his father's will, declared a pretermitted child capable of taking an intestate share of his father's estate under the provisions of N.C.G.S. § 31-5.5. The pertinent facts are as follows.

On 20 November 1979, the decedent, Theodore Stanimer, (hereinafter referred to as "the testator"), executed his Last Will and Testament naming his wife, Carol Stanimer, executrix. By the terms of his will, the testator bequeathed his personal effects to his wife in the event she survived him; but if she failed to survive him, the personal property was to be distributed "in shares of equal value to our surviving children." The will further provided that after the disposition of the personal effects, the wife would receive the residue of his estate, again only if she survived him and failing that contingency, the residue would be left in trust "for the primary benefit of those of my children who survive me."

The testator died on 7 August 1988 leaving his wife and two children of his marriage, and the petitioner, Justin Chet Mason, who was born outside of his marriage on 5 August 1985 and was legally established as the testator's son in 1986.

This action was initiated upon a petition before the Clerk of the Superior Court of Lee County by Justin's mother and natural guardian, Janett B. Mason, who asserted on his behalf that Justin was entitled to an intestate share of Mr. Stanimer's estate pursuant to N.C.G.S. § 31-5.5, as a child of the testator born after the execution of the testator's will, and neither provided for by the will nor intentionally omitted from the will. The Clerk, finding that Justin was a natural heir of the testator, concluded that he did not have jurisdiction to determine if Justin was a "pretermitted heir." Following the Clerk's order, the plaintiff filed an action for declaratory judgment in the Superior Court of Lee County. From the judgment of the Superior Court holding that Justin "has no interest in the estate of his father . . ." under N.C.G.S. § 31-5.5, the petitioner appealed to this Court.

The plaintiff contends that the trial court erred by failing to find that her son, Justin, is a pretermitted child capable of taking an intestate share of his father's estate under the provisions of N.C.G.S. § 31-5.5. That statute provides, in pertinent part, as follows:

(a) A will shall not be revoked by the subsequent birth of a child to the testator, or by the subsequent adoption of a child by the testator, or by the subsequent entitlement of an after-born illegitimate child to take as an heir of the testator pursuant to the provisions of G.S. 29-19(b), but any after-born, after-adopted or entitled after-born illegitimate child shall have the right to share in the testator's estate to the same extent he would have shared if the testator had died intestate unless:

(1) The testator made some provision in the will for the child, whether adequate or not, or

(2) It is apparent from the will itself that the testator intentionally did not make specific provision therein for the child.

N.C. Gen. Stat. § 31-5.5(a) (Cum. Supp. 1990).

At trial, the parties agreed that Justin Mason was a child of the testator who was born after the execution of the testator's will; however, they disagreed as to whether the testator's will "made some provision" for Justin, within the meaning of N.C.G.S. § 31-5.5. The will directed the following relevant dispositive provisions:

### ARTICLE III

**BEQUEST OF TANGIBLE PERSONAL PROPERTY.** I give and bequeath my personal effects, automobiles and all of my other tangible personal property to my spouse, CAROL ANN STANIMER, if living at my death, or if my spouse predeceases me, in shares of equal value to our surviving children . . . .

### ARTICLE IV

**RESIDUE.** All the rest, residue and remainder of my estate, both real and personal property, of whatsoever kind and wheresoever situated, I hereby devise and bequeath unto my spouse, CAROL ANN STANIMER, if living at my death.

ARTICLE V

TESTAMENTARY TRUST FOR SURVIVING CHILDREN. In the event my wife, CAROL ANN STANIMER, should predecease me, and any child or children of mine survive me, I direct my Executor to deliver and convey all of my said residuary estate to my Trustee in trust for the uses and purposes hereinafter set forth, and I direct that my residuary estate so passing to my Trustee shall be administered and disposed of as follows:

Section 1. The trust shall be held and administered for the primary benefit of those of my children who survive me . . . .

The trial court recognized that since the will made specific provisions for the testator's "children," Justin was a member of a class of beneficiaries for which the will provided. The trial court reasoned that Justin had been "provided for" in the 1979 will and was thereby precluded from entitlement to an intestate share of his father's estate.

Since Carol Stanimer survived her husband, she received the entire estate pursuant to the terms of Articles III and IV of the will. It is presumably for this reason that following the admission of the decedent's will to probate on 25 August 1988, the plaintiff brought this action seeking a declaration that her son, Justin, is a pretermitted heir capable of taking a share of his father's estate.

Under Article V of the will, a trust is established in favor of Mr. Stanimer's "children" in the event his wife, Carol, predeceases him. The parties to this action agree that Theodore Stanimer created a "class gift" when he provided for the creation of a trust in favor of his children. A "class gift" is created when the donor intends to benefit a group or a class of persons, as distinguished from specific individuals. T. Bergin & P. Haskell, Preface to Estates in Land and Future Interests 138 (1966) [hereinafter Bergin & Haskell]. Here, the testator designated a group of persons, his children, as beneficiaries of the trust; he did not designate specific individuals as the beneficiaries.

Having conceded that the gift of the trust was intended to be a class gift, the plaintiff urges this court to hold that the preferred method of determining whether a class gift constitutes a "provision for" an after-born child is for the court to make a two-pronged inquiry. This approach which the plaintiff contends is the law of another jurisdiction, would require the trial court to determine first, whether the after-born child is one the testator intended

MASON v. STANIMER

[102 N.C. App. 673 (1991)]

to provide for in making the gift, and then second, whether the devise or bequest is a future or contingent interest. The plaintiff asserts that if an analysis of either of these two prongs indicates that the testator did not intend to benefit the after-born child with the class gift, then the after-born child must be allowed to take an intestate share of the testator's estate. With this approach in mind, it is the plaintiff's position that Theodore Stanimer did not intend to benefit his son, Justin, with the contingent bequest to his children, thereby allowing Justin to assert a claim under N.C.G.S. § 31-5.5.

Whatever merit there may be in the approach espoused by the plaintiff, it is not the approach used by our courts. Indeed, the case which the plaintiff cites for the above proposition is not only contrary to the weight of authority, but also of questionable control in the jurisdiction in which it was rendered. *See Haskins v. Skinner*, 31 Ky. 170 (1833) (supporting plaintiff's proposition); *Lamar v. Crosby*, 162 Ky. 320, 172 S.W. 693 (1915) (reaching the opposite conclusion on similar facts).

Long ago, our Supreme Court was called upon to consider whether a gift to a class to which an after-born child belonged qualified as a "provision" for the after-born child sufficient to preclude her from taking an intestate share of her father's estate. *See Meares v. Meares' Executors*, 26 N.C. (4 Ired.) 192 (1843) (decided under the act of 1808, Rev. Stat., ch. 122, sec. 16, an early predecessor to N.C.G.S. § 31-45 which was later rewritten and replaced by our current "pretermitted heir" statute, N.C.G.S. § 31-5.5.).

In *Meares*, the testator executed his will on 15 October 1838. The will directed that certain property be held in trust for the benefit of "[his] children" until the year 1851, at which point the trust corpus was to be divided among the testator's children then living. The testator had eight sons at the time the will was executed. Seven months later, however, a daughter was born to the testator. When the testator died in 1841, an action was commenced on behalf of his after-born daughter wherein it was alleged that the daughter was entitled to an intestate share of her father's estate because her father had failed to provide for her. The statute forming the basis of the action provided, in part, as follows:

> [W]hen a child shall be born after the making of the parent's will, and such parent shall die without having made *provision for* said child, the child shall be entitled to such portions of

the personal and real estates of the parent in value as he or she would have been entitled to had the parent died intestate.

*Meares*, 26 N.C. at 195 (emphasis added).

The Court in *Meares* first concluded that a class comprised of the testator's children included his after-born daughter. The court stated that,

courts are always anxious to effectuate the intentions of testators, when there is a gift to a class of persons, as to children, by including in it as many persons answering the description as possible . . . . [I]n construing a father's will, . . . a gift to his own children will be held to include all of them in being at his death, unless it be evident upon the will that the testator meant the provision only for those living at the date of the will; for the law presumes he intended to fulfill his natural duty by providing for each one . . . .

*Id.* at 197.

The Court went on to hold that the gift to the class comprised of the testator's children was a "provision for" the after-born child within the meaning of the act of 1808. The court stated:

[T]he statute only provides for the case where the parent dies without having made provision for the child, which means, without making *any* provision; for the act does not mean to judge between the parent and child as to the adequacy of the provisions he may choose to make, but only to supply his accidental omission to make any . . . .

*Meares* at 197-98 (emphasis added).

More than a century after the *Meares* decision, our Supreme Court came to the same conclusion regarding the operation of our pretermitted heir statute when the only provision for an after-born child lies in a class gift. In *Sheppard v. Kennedy*, 242 N.C. 529, 88 S.E.2d 760 (1955) (decided under former N.C.G.S. § 31-45, the predecessor to our current "pretermitted heir" statute, N.C.G.S. § 31-5.5), testator executed his will in July, 1948. At the time the will was executed, the testator had only one child, a 19 year-old son. The testator died in May, 1950, and, approximately eight and one-half months later, his widow gave birth to a baby girl. The testator's will contained a residuary clause which directed that the property remaining, after certain other devises and bequests

had been made, be distributed among the testator's "next of kin and heirs at law."

Sometime after the testator's death, an action was brought to determine the rights of his after-born child under the will. It was alleged on behalf of the minor child that the testator's will failed to include a provision for the after-born child and that, therefore, the child was entitled to an intestate share of her father's estate under the provisions of N.C.G.S. § 31-45. That statute, which is similar to our current N.C.G.S. § 31-5.5, provided, in pertinent part, as follows: "Children born after the making of the parent's will, and whose parent shall die without making any provision for them, shall be entitled to such share and proportion of the parent's estate as if he or she had died intestate, . . . ."

In concluding that the testator's will had provided for the after-born child, the Court in *Sheppard* relied upon the fact that the testator had made substantial provision for a class of beneficiaries (i.e. "next of kin and heirs at law") to which the after-born child belonged. The court stated:

> It is true the will makes no direct, specific provision for the child, and it is also true that the testator at the time of his death did not know the child had been conceived. However, on this record neither of these factors is of controlling importance. Here the testator has made substantial provision for a class of beneficiaries to which the posthumous child belongs.

*Sheppard* at 531, 88 S.E.2d at 761.

We think the rationale employed by the *Meares* court almost one and one-half centuries ago and followed in *Sheppard*, is equally applicable today. Because the class gift donor is said to be "group-minded," the class gift is one in which the donor intends that the number of donees, from the time of the execution of the will, is subject to fluctuation by way of increase, decrease, or both, depending on the circumstances. The possibility of fluctuation in the number of intended donees is what distinguishes the class gift from a gift to individuals. Bergin & Haskell at 138-139.

Moreover, it is significant to note that there is a presumption that a donor who does not intend a fluctuation in the number of intended beneficiaries will designate specific individuals as beneficiaries rather than a group or class. *Id.; See also Newbern v. Barnes*, 3 N.C. App. 521, 165 S.E.2d 526 (1969) (persons who

**MASON v. STANIMER**

[102 N.C. App. 673 (1991)]

are named specifically in a will by name or other personal or particular designation will take as individuals, not as a class). Had the testator named his children individually, there would be support for the plaintiff's assertion that Theodore Stanimer intended to benefit only his children existing on the date of the execution of his will. However, the testator chose not to name his children individually. Instead, he made provision for his "children" as a group or class. As such, the gift to his children constitutes a class gift. We conclude that the testator's son, Justin Mason, was intended to be a member of that class.

The language of N.C.G.S. § 31-5.5(a)(1) is both clear and absolute. As long as a testator "[makes] some provision in the will for the child, whether adequate or not," the after-born child has no right to take an intestate share of the testator's estate. For this reason, we are constrained to hold not only that Justin Mason is a member of the class of beneficiaries for which Theodore Stanimer provided, but also that such provision, even though contingent, meets the requirements of N.C.G.S. § 31-5.5(a)(1). In short, we conclude that Justin Mason is not entitled to take an intestate share of his father's estate.

We are cognizant of the fact that the decision reached here today may work hardship upon after-born children, such as Justin, whose only interest under the parent's will is contingent upon events beyond the child's control. Nevertheless, as the Court in *Sheppard* noted: "Whether [the after-born child] statute should be amplified so as to deal more specifically with the rights of a posthumous child who takes only as a member of a class of beneficiaries is a question which might well be pondered by the lawmaking body." *Sheppard* at 531, 88 S.E.2d at 762.

For the reasons set forth above, the judgment rendered in the court below is

Affirmed.

Judges PHILLIPS and EAGLES concur.